Iglesia Católica, Apostólica y Romana de Puerto Rico, Diócesis de San Juan, demandante y apelada, *v.* José Puig Morales, demandado y apelante.

Núm. 7376.—*Sometido:* Enero 18, 1938. *Resuelto:* Febrero 25, 1938.

*González Fagundo & González, Jr.,* abogados del apelante; *Arturo Aponte,* abogado de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

El primer fundamento de la apelación es que la corte de distrito cometió error al declarar sin lugar una moción

que atacaba el juramento de la demanda. Ésta fué jurada por un sacerdote que hacía constar bajo juramento que era mandatario de la Iglesia Católica, Apostólica y Romana de Puerto Rico en Caguas. La objeción era que el mandatario debió haber unido o presentado su mandato. No se citó autoridad alguna para esta contención ante la corte de distrito ni el apelante ha citado alguna en su alegato. En ausencia de autoridad en contrario, convenimos con el juez de distrito en que el juramento era suficiente.

El demandado presentó excepción por falta de hechos suficientes para determinar una causa de acción. La demandante alegó: que tenía en Caguas una iglesia que quedaba frente a la parte este del Parque Palmer, circundada por un atrio que se extiende de oeste a este; que desde hace más de treinta años, y también desde tiempo inmemorial, existe un callejón de unos cuatro metros de ancho más o menos, que discurre desde el atrio de dicho templo hasta la calle de Ruiz Belvis, en una extensión de unos veintitrés metros aproximadamente, lindante por el este con una casa de tres plantas de la sucesión de Ramón Vilar, edificada en un solar que en un tiempo fué de Rosalía Santiago Vda. de Polanco, y por el oeste con una casa del demandado José Puig Morales, que anteriormente pertenecía a la mencionada señora Rosalía Santiago Vda. de Polanco; que la demandante ha estado en posesión del descrito callejón desde hace más de treinta años y desde tiempo inmemorial hasta el 3 de enero de 1933, para los feligreses entrar y salir del templo y para la entrada y salida de los ministros y representantes de la demandante, hasta la expresada calle de Ruiz Belvis, mediante el tránsito de sacerdotes, empleados, feligreses y con todo aquello que se hacía menester para comunicar el susodicho atrio con la calle de Ruiz Belvis; que el día 3 de enero de 1933 el demandado José Puig Morales interceptó el susodicho callejón, llenándolo de tierra y escombros en una extensión de varios metros, dando ello lugar a que no se pueda transitar libremente por él; que estos actos fueron realiza-

dos contra la voluntad de dicha demandante y con el propó-
sito de privar a ésta de la posesión del callejón de referencia
y de que lo utilice como servidumbre de la demandante.

La demanda fué presentada el 14 de diciembre de 1933.
Fué titulada *"Injunction* para recobrar la posesión." Se
solicitaba se dictara sentencia: amparando a la demandante
en la posesión y disfrute del callejón descrito en la demanda;
ordenando al demandado, sus empleados y subalternos que
se abstengan de inquietar a la demandante en la posesión y
disfrute del callejón de referencia; prohibiendo a dichas
personas que obstruyan o intercepten en cualquier forma y
manera dicho callejón, o cualquier parte del mismo, desde
el atrio de la iglesia hasta la calle de Ruiz Belvis y debiendo
dejarlo libre y expedito para que la demandante pueda uti-
lizarlo convenientemente, y condenando al demandado a pa-
gar todas las costas.

Éste no era un recurso para establecer la existencia de
una servidumbre ni era, como sucedió en el caso de *Trujillo*
v. *López,* 45 D.P.R. 815, una acción para abatir un supuesto
estorbo público. El presente fué un pleito interpuesto por
la demandante para recobrar la posesión o cuasi posesión o
uso de un callejón, como medio de ingreso y egreso, so color
de derecho. En él no estaba envuelta ninguna cuestión de
título o derecho de posesión. La alegación de que la deman-
dante había estado usando el callejón por espacio de más de
treinta años y desde tiempo inmemorial hasta el 3 de enero
de 1933, bastaba para demostrar el uso durante más de un
año con anterioridad a la perturbación del demandado y
dentro del año anterior a la radicación de dicha demanda.
En su consecuencia, la demanda aducía hechos suficientes
para determinar una causa de acción. Véase *Echevarría et
al.* v. *Saurí,* 38 D.P.R. 737.

Se presentaron otras dos excepciones previas, que
fueron igualmente declaradas sin lugar. Una de ellas se
basaba en que la demanda era ambigua, ininteligible y du-

dosa; la otra, en que se habían acumulado indebidamente dos causas de acción. Se sostenía que el supuesto uso del callejón era inconsistente con la alegación relativa a la posesión material y física del mismo. El demandado estaba en duda respecto a si la demandante trataba de recobrar el alegado uso de una servidumbre de paso o la posesión material del terreno así usado. La contención final era que una causa de acción para recobrar el uso de la servidumbre de paso había sido acumulada indebidamente con otra causa de acción para recobrar la posesión material. Podría admitirse que la demanda no está tan exenta de toda ambigüedad o incertidumbre que pueda considerársele como un modelo. No obstante, tomada ella en su totalidad e interpretada equitativamente, parece razonablemente claro, a nuestro juicio, que la demandante no estaba alegando una posesión anterior exclusiva del callejón ni tratando de recobrar tal posesión, sino sólo el uso del mismo como medio de ingreso y egreso. Sea ello como fuere, al demandado no se le indujo a error en su perjuicio, y el error, de haberlo, al declarar sin lugar las dos excepciones, no es uno que da lugar a la revocación.

El tercer señalamiento es que la corte de distrito cometió error al admitir en evidencia una escritura de compraventa otorgada por Rosalía Santiago Vda. de Polanco en 1906. Esta escritura fué admitida como prueba con el fin de demostrar una supuesta admisión contra interés por parte de la vendedora. Estamos plenamente convencidos de que la exclusión de la escritura no hubiera afectado el resultado. El error de admitir el documento, de serlo, no justificaría la revocación.

El cuarto señalamiento es que la sentencia es contraria a la prueba. Luego de un cuidadoso examen de la transcripción taquigráfica a la luz de los argumentos del apelante, no nos es posible concurrir con este criterio.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.