Iglesia Católica, Apostólica y Romana de Puerto Rico, Diócesis de San Juan, demandante y apelada, *v.* José Puig Morales, demandado y apelante.

Núm. 7963.—*Sometido:* Abril 24, 1939. *Resuelto:* Junio 7, 1939.

*Francisco González Fagundo,* abogado del apelante; *Arturo Aponte,* abogado de la apelada.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> D<small>E</small> J<small>ESÚS</small> emitió la opinión del tribunal.

Contra la resolución aprobatoria del memorándum de costas estableció el demandado el presente recurso de apelación. Aunque radicó el escrito de exposición del caso y pliego de excepciones en la corte inferior el 21 de julio del año pasado, aún no ha sido aprobado por el juez especial que dictó la resolución apelada. Por consiguiente, tampoco ha sido elevada dicha exposición del caso a este tribunal.

El 18 de marzo último la demandante apelada radicó una moción en esta corte solicitando la desestimación del recurso por frívolo.

A pesar de no contar con la exposición del caso, la naturaleza de las cuestiones envueltas y las constancias de los autos nos ponen en condiciones de determinar si en efecto el recurso es frívolo como sostiene la apelada.

El memorándum de costas objeto de este recurso, según fué presentado por la demandante apelada, es el siguiente:

| | |
|---|---:|
| "Honorarios del Secretario_____ | $5.25 |
| "Gastos de servicio de emplazamiento_____ | 1.00 |
| "Honorarios de testigos_____ | 8.28 |
| "Pagado por dos copias certificadas de escrituras_ | 22.88 |
| "Pagado por el récord taquigráfico_____ | 46.50 |
| "Honorarios de abogado_____ | 1,200.00." |

Se opuso a la desestimación del recurso el demandado apelante y a ese efecto radicó el 24 de abril último una moción que en lo pertinente dice así:

"Que se opone a la moción de desestimación presentada por la demandante apelada porque realmente la apelación no es frívola, porque de la misma certificación que se acompaña, expedida por el Secretario de la Corte de Distrito de Humacao aparece que el memorándum de costas fué impugnado por varios fundamentos que se insertan en la resolución del Juez sentenciador, entre ellos, que la indemnización de testigos no ha sido reclamada ni cobrada por nadie, y que la partida de mil doscientos dólares de honorarios de abogado es excesiva, y todavía esta parte sostiene que la fijada de trescientos cincuenta dólares por el Juez sentenciador es excesiva tratándose de un asunto de poca importancia.

"Que la cuestión de los honorarios de abogados, si es o no excesiva, no puede resolverse sin que esta Hon. Corte Suprema tenga ante sí el *transcript* de apelación para poder apreciar si el Juez inferior cometió error o no al fijar los honorarios, en la suma de trescientos cincuenta dollars."

No aparece de la resolución aprobatoria del memorándum de costas ni del escrito de oposición radicado en este tribunal por el demandado apelante, que las dos primeras partidas hayan sido impugnadas.

Con respecto a la tercera, o sea a la $8.28 por concepto de indemnización a testigos, la contención del demandado apelante es que dicha "indemnización de testigos no ha sido reclamada ni cobrada por nadie."

Aparece dicha partida en el memorándum de costas, lo que necesariamente significa que la reclama la demandante, que es quien puede y debe reclamarla de acuerdo con el artículo 339 del Código de Enjuiciamiento Civil.

Refiriéndose a esta partida dice la corte inferior en la resolución objeto de este recurso:

"En cuanto a la impugnación hecha a la indemnización de testigos, *aparece claramente del récord que los mismos comparecieron ante la corte,* y siendo de conocimiento judical que la suma de $2.07 es lo que devenga cada testigo desde Caguas a Humacao, *y que cuatro*

*fueron los testigos que concurrieron al juicio,* la partida de $8.28 que se carga en dicho memorándum es procedente.'' (Bastardillas nuestras.)

Nada tenemos que agregar a lo dicho por el juez inferior con relación a esta partida.

■ En cuanto a la cuarta, o sea la referente a honorarios por dos copias de escrituras por $22.88, la corte la aprobó solamente en cuanto a los honorarios de la copia de la escritura de compraventa núm. 12, otorgada en Caguas por doña Rosalía Santiago viuda de Polanco a favor de don Cipriano Manrique en 10 de febrero de 1906, reduciendo dicha partida a $14.60, que son los honorarios por la copia de la escritura referida. En su escrito de oposición nada dice el apelante sobre esta partida y la corte inferior ningún comentario hace en relación con la misma; pero de la opinión de este tribunal en la apelación que se interpuso contra la sentencia, *Iglesia Católica, etc.,* v. *Puig,* 52 D.P.R. 773, 776, resulta que uno de los errores señalados por el apelante fué la admisión en evidencia de la escritura anteriormente mencionada. De manera, pues, que no existe duda alguna de que dicha escritura fué presentada en evidencia y siendo ello así, la apelada podía incluir en el memorándum de costas lo pagado por ella por una copia de dicho documento.

■ Refiriéndose a la partida de $46.50 por concepto de honorarios del taquígrafo dice la corte inferior en la resolución objeto de este recurso:

"En cuanto a los honorarios del taquígrafo de la corte por una copia certificada del récord taquigráfico del jucio oral en este caso, como cuestión de hecho, se probó, que el taquígrafo cobró sus honorarios ascendentes a $46.50, y en cuanto al derecho que el demandante tuviera a obtener la misma, aparece claro, de acuerdo con la jurisprudencia de nuestro Tribunal Supremo."

Invoca la corte inferior en apoyo de su conclusión los casos de *Finlay* v. *Fabián,* 25 D.P.R. 48; *López* v. *The American R. R. Co.,* 28 D.P.R. 266, 268, y *Cortés & Segura, Inc.,* v. *Cortés,* 43 D.P.R. 473.

El derecho de la apelada a resarcirse de lo que pagó al taquígrafo por el récord taquigráfico está perfectamente sostenido por los casos citados por el tribunal inferior.

Pasando ahora a la partida de honorarios de abogado, en la que se reclamaron $1,200, la corte, al reducirla a $350, se expresó en los siguientes términos:

"En cuanto a la partida de honorarios de abogados, la corte entiende que tomando en consideración todos los factores principales que deben considerarse para fijar los mismos, de acuerdo con la constante jurisprudencia de nuestro Tribunal Supremo, la suma de $350.00 es una suma razonable en este caso, y la corte rebaja dicha partida a $350.00 . . ."

La sentencia en este caso fué dictada por la corte inferior con anterioridad a la aprobación de la Ley núm. 69 de 11 de mayo de 1936 (Leyes de ese año, (1) pág. 353), enmendatoria del artículo 339 del Código de Enjuiciamiento Civil, y el memorándum de costas y la impugnación al mismo fueron radicados en el tribunal *a quo* antes de que se resolviese por nosotros el caso de *Mason* v. *White Star Bus Line, Inc.,* 53 D.P.R. 337. De ahí que el principal fundamento de oposición al memorándum de costas lo motivase la equivocada creencia de que siendo de aplicación la Ley núm. 69 supra, el memorándum había sido radicado tardíamente y que no podía la demandante apelada reclamar honorarios de abogado dentro del memorándum de costas. Es ésta una cuestión que ha quedado definitivamente resuelta contra el demandado apelante en el citado caso de *Mason* v. *White Star Bus Line* y varios otros que lo han seguido.

Hemos examinado el caso de *Iglesia Católica, etc.* v. *Puig,* supra, en el cual se prestaron los servicios cuyos honorarios se reclaman en el memorándum de costas y tomando en cuenta las distintas cuestiones de derecho suscitadas por el demandado, el "standing" profesional de los abogados de ambas partes y demás circunstancias que expresa el juez inferior en la resolución apelada en relación con esta partida, estamos

convencidos de que no existió abuso de discreción al fijar en $350 los honorarios de abogado de la demandante.

■ Los fundamentos expuestos nos llevan a la conclusión de que el recurso interpuesto por el apelante es frívolo y que nada adelantaríamos con mantener pendiente la resolución apelada que se dictó el 29 de abril de 1938 hasta que se perfeccione el recurso de apelación, puesto que las conclusiones a que hemos de llegar luego serán indudablemente las mismas aquí expuestas. *Procede, por consiguiente, desestimar el recurso por frívolo.*