ANGEL ORTIZ, demandante y apelante, *v.* LORENZO DRAGONI, demandado y apelado.

Núms. 8349 y 8412.—*Sometidos:* Noviembre 18, 1941. *Resueltos:* Diciembre 2, 1941.

*Fernando Zapater*, abogado del apelante; *R. Hernández Matos*, abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un pleito sobre interdicto para recobrar la posesión de una parcela de terreno de 507.20 metros que se alega que es parte de una finca de 4.32 cuerdas radicada en el barrio de Montes Llanos del término municipal de Ponce.

La corte dictó sentencia en febrero 28, 1941, declarando la demanda sin lugar, con costas sin incluir honorarios de abogado. Ocho días después presentó su memorándum la parte demandada, reclamando $124. La parte demandante se opuso, y seguidos los trámites que marca la ley, el juez, finalmente, en mayo 28, 1941, fijó las costas en $26.48.

El demandante apeló de la sentencia de febrero 28 y de la resolución de mayo 28, 1941, tramitando sus recursos separadamente. Eso no obstante se vieron conjuntamente el 18 de noviembre actual y serán estudiados en esta sola opinión que servirá de base a las sentencias resolutorias de los mismos.

En su relación del caso y opinión, dijo el juez de distrito, en parte, lo que sigue:

". . . .La prueba de la parte demandante no es suficientemente robusta y clara para que lleguemos al convencimiento de que el actor posee la parcela objeto de este pleito. La prueba de la parte demandada tampoco es lo suficientemente robusta, clara y convincente para que lleguemos a la conclusión de que el demandado está en la posesión material de la referida parcela. Ambos litigantes alegan que están y han estado, dentro del año con anterioridad a la interposición de la demanda, en la posesión material de la parcela, pero la prueba presentada por ellos no sostiene tal alegación. Lo que sí no tenemos duda es que entre el demandante y el demandado ha existido una lucha por la posesión del terreno en cuestión; pero lo fundamental, el nervio de la contención, cual es, la posesión material de la parcela, no está claramente sostenida por la prueba. Las características de este caso son más bien de una acción de deslinde o de reivindicación. No creemos juicioso que en un procedimiento extraordinario como el que nos ocupa, resolvamos una cuestión en la

que tenemos serias dudas, ya que la prueba de una y otra parte, en lo que a la posesión material respecta, es débil en extremo. Muy poco crédito le hemos dado a esa prueba.''

Hemos estudiado la transcripción y coincidimos con el juicio de la corte sentenciadora en cuanto a la insuficiencia de la evidencia aportada por el demandante. Y como es al actor a quien incumbe la prueba, esta sola conclusión sería bastante para desestimar el recurso y confirmar la sentencia.

Pero hay más, el demandado no se limitó a negar que la parcela reclamada estuviera en posesión del demandante, si que alegó que él estaba en posesión de la misma desde hacía más de cinco años, y un examen de la evidencia que aportara nos lleva a concluir que dicha evidencia es más fuerte que la aportada por el demandante en apoyo de su contención.

No es necesario, pues, entrar en el examen de las varias cuestiones incidentales que se levantan en los alegatos reveladoras lo mismo que el juicio del encono de las partes, característico de esta clase de litigios. Aunque el demandante tuviera razón en todas ellas, siempre resultaría que no probó su caso y que por tal motivo tendría que ser declarada su demanda sin lugar. *Actori incumbit probatio.*

Examinemos ahora el recurso sobre costas. El único error que señala el apelante lo formula así:

''La Corte de Distrito de Ponce cometió gravísimo error de derecho al aprobar las partidas *diez* y *once* del memorándum de costas del demandado, ya que mediante dicha aprobación, concede compensación (*fees*) y millaje (*mileage*) a nueve testigos del demandado, cuando meramente declararon tres, sin que se hubiera establecido la buena fe del demandado al citar *nueve testigos,* ni la necesidad de esa citación, ni se hubiera puesto a la corte en condiciones de apreciar las razones que tuviera el demandado, si algunas tuviera, para prescindir de las declaraciones de seis de los nueve testigos que dice haber citado, y sin haberse probado la materialidad de esas seis declaraciones no producidas, o la finalidad de las mismas.''

Fija luego los hechos tales como surgen del récord, citando lo que sigue del testimonio del demandado:

"¿El día en que se celebró el juicio, o sea, el nueve de diciembre, todos esos testigos declararon?

"No declararon todos, pero fué porque era tarde, y el abogado creía que era prueba acumulativa.

"¿Quiénes declararon?

"Pedro Maldonado; declaró Caraballo y Francisco Vázquez.

"¿Es verdad que no declararon nada más que tres testigos y usted?

"Sí, señor, porque los demás eran prueba acumulativa.

"(Pág. 8 T. de la E. Incidente de Costas.)"

Pone énfasis en que al terminar de declarar el último de sus testigos, el demandado dijo, "Ése es nuestro caso", sin que hiciera renuncia expresa de sus otros testigos, ni los pusiera a disposición del demandante, ni los reservara, ni usara, como *rebuttal*.

Y cita entonces la ley y lo resuelto por las cortes en gran número de casos sobre la materia en cuestión.

La corte de distrito después de resolver que el demandante no venía obligado a pagar las dietas y millaje de testigos en las cuatro ocasiones en que dejó de celebrarse el juicio, a virtud de las circunstancias que habían concurrido en cada caso, dijo:

". . . La asistencia a la corte de que nos habla el inciso 3 del art. 327 del Código de Enjuiciamiento Civil, supra, es aquella que comienza desde el momento en que los testigos son juramentados y puestos bajo la regla de la corte. Mientras el testigo esté bajo las reglas de la corte, tiene derecho a percibir las costas que determina la ley. No estamos conformes con la teoría del demandante en el sentido de que solamente tres testigos del demandado pueden percibir costas, porque ellos fueron los únicos que declararon. Somos de opinión que todos los testigos, debidamente juramentados y puestos bajo la regla de la corte, declaren o no, tienen derecho a percibir costas. En el caso de *Iglesia Católica, etc.* v. *Puig*, 55 D.P.R. 34, 36, 37, se lee: 'En cuanto a la impugnación hecha a la indemnización de testigos, *aparece claramente del récord que los mismos*

*comparecieron ante la corte,* y siendo de conocimiento judicial que la suma de $2.07 es lo que devenga cada testigo desde Caguas a Humacao, *y que cuatro fueron los testigos que concurrieron al juicio,* la partida de $8.28 que se carga en dicho memorándum es procedente.' En el presente caso aparece claramente del récord que los testigos comparecieron ante la corte, y que nueve fueron los testigos que concurrieron al juicio, aunque solamente declararon tres testigos. Siendo ello así, el demandante viene obligado a pagar las costas y el millaje de los nueve testigos del demandado que comparecieron a la corte en 9 de diciembre de 1940.''

Al impugnar el error, el demandado descansa en la jurisprudencia sentada recientemente por esta corte en el caso de *Acha* v. *Nevares,* 59 D.P.R. 235, 247, a saber:

''La corte concedió una indemnización de dos dólares a cada uno de los siete testigos del demandante que comparecieron y el apelante sostiene que como sólo declararon cinco la indemnización concedida a dos no está autorizada por la ley, . . .

''En cuanto al primer extremo consta del récord que el abogado renunció a la declaración de dos de sus testigos por tratarse de prueba acumulativa. Todos comparecieron por la mañana y por la tarde y estuvieron sujetos a las reglas de la corte.

''La ley aplicable—la 94 de 1937, pág. 239, enmendatoria del artículo 327 del Código de Enjuiciamiento Civil—dispone que se pagarán 'dos (2) dólares por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia', apartado tres del artículo como enmendado, de suerte que la comparecencia es la que debe tomarse en consideración. No erró, pues, la corte, al así resolverlo.

''Claro es que si abusivamente una parte llevara a la corte un gran número de testigos innecesarios para no llamarlos luego a declarar y con el único propósito de reclamar después la indemnización de ley, surgiría un caso distinto. Aquí la actitud previsora de la parte está justificada. Pudo haber necesitado las declaraciones que no usó, si aquellas de que se valió le hubieran fallado o no hubieren sido del todo suficientes.''

Esa jurisprudencia coincide con la de los tribunales del continente. Bastará que citemos el siguiente párrafo de 20 C. J. S. (pág. 477), Costas, párr. 242. Dice:

"Las cortes pueden ejercer su discreción en cuanto a fijar el número de testigos por quienes la parte victoriosa podrá ser autorizada a reclamar costas. La parte viene obligada a ejercer una sana discreción al fijar el número de sus testigos; no puede llamar un número ilimitado y luego cargar los gastos a la parte adversaria, y se le concederá como costas y gastos el importe del examen de sólo aquel número de testigos que la corte estime razonable. Si ha llamado un número innecesario podrá requerírsele, aun cuando sea la parte victoriosa, a pagar los honorarios de todos los que no eran necesarios. Generalmente, las cortes no intervendrán, a menos que exista una evidente disparidad entre el fin perseguido por la evidencia y los medios empleados para obtener tal fin, o a menos que se ofrezca evidencia de perjuicio a la otra parte."

No obstante, pues, el precepto legal que concede el derecho al cobro por cada testigo y por cada día de asistencia a la corte, ésta tiene discreción para fijar su número cuando lo pagado por la parte se reclama en concepto de costas de la contraria que perdió el litigio.

Aquí parece que la corte se sintió obligada por la letra de la ley y no entró en la apreciación de las circunstancias concurrentes a los fines del ejercicio de su discreción, y examinadas esas circunstancias se encuentra que no fueron en verdad las mismas que las que concurrieron en el caso de *Acha* v. *Nevares,* supra, ya que allí se trataba de siete testigos comparecientes de los cuales declararon cinco, renunciando el abogado a dos por tratarse de prueba acumulativa y aquí se trata de nueve testigos, de los cuales sólo declararon cuatro, sin que el demandado hiciera manifestación alguna con respecto al testimonio de los cinco restantes. Además, entre los cuatro que declararon figura el propio demandado que por regla general, a menos que lo autorice expresamente el estatuto, como parte que era en el litigio no tiene derecho a cobrar. Véase 20 C.J.S., Costas, párr. 222.

Ante esa situación de hecho y de derecho, nos parece que la solución más apropiada es la de declarar con lugar el recurso contra la resolución de mayo 28, 1941, revocando

dicha resolución y devolviendo el asunto a la corte de su origen para que aprecie las circunstancias que concurren y decida en el ejercicio de su discreción lo que fuere pertinente.

*En virtud de todo lo expuesto el recurso núm. 8349 será declarado sin lugar, confirmándose la sentencia apelada, y con lugar el 8412, revocándose la resolución recurrida.*

El Juez Asociado Sr. Todd, Jr., no intervino.