Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| THE TOWER AT CONDADO LLC. Apelante | | *Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan* |
|---|---|---|
| v. | TA2025AP00513 | Caso núm.: SJ2025CV008740 |
| ZULE BEAUTY LLC Apelada | | SOBRE: Interdicto Posesorio |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de diciembre de 2025.

El 3 de noviembre de 2025, The Tower at Condado LLC (la parte apelante) compareció ante nos mediante un recurso de *Apelación* en el que solicitó que revoquemos la *Sentencia* emitida y notificada el 2 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[1]

En el aludido dictamen, el TPI desestimó la *Demanda*, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap.V, R.10.2, instada por la parte apelante dado que Zule Beauty LLC tiene derecho a poseer el espacio adicional del edificio The Tower at Condado, el cual fue reclamada la posesión por la parte apelante. Además, resolvió que no se configuraron los elementos requeridos para conceder un interdicto posesorio en favor de la parte apelante.

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __

---

[1] Apéndice de la Apelación, Anejo 2.

(2025), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dada las particularidades del caso procederemos a resolver el recurso ante nos.

**I.**

De entrada, destacamos que, un panel hermano revocó una *Sentencia Parcial* emitida por el TPI debido a que el emplazamiento no fue conforme a derecho y las normas aplicables. Ello, tras no adquirir jurisdicción sobre The Tower at Condado LLC. *Zule Beauty LLC v. The Tower at Condado LLC y otros*, KLAN202500079.

Por hechos y controversias similares, la parte apelante comparece ante este Tribunal de Apelaciones en búsqueda de un remedio justiciero. Con ello, procederemos a exponer el tracto procesal del recurso presentado por la parte apelante. Veamos.

El caso de epígrafe tiene su origen cuando el 26 de septiembre de 2025, la parte apelante instó una *Demanda* en la que alegó que era la propietaria del edificio The Tower at Condado.[2] Asimismo, indicó que, el 25 de marzo de 2024, la parte apelante suscribió un contrato de arrendamiento con Zule Beauty LLC, en la que le arrendó a Zule Beauty LLC, una oficina de dicho edificio. Así las cosas, sostuvo que, el 18 de junio de 2024, el contrato de arrendamiento fue enmendado a los fines de arrendarle una oficina más a Zule Beauty LLC.

Así pues, en septiembre de 2024, Zule Beauty LLC le informó a la parte apelante su interés en alquilar el restante de las oficinas del piso en donde se encontraban ubicadas las oficinas. Empero, la parte apelante argumentó que, previo a suscribir un contrato de arrendamiento por el restante de las oficinas, la parte apelada sin autorización invadió dichas oficinas tras hacerle varias

---

[2] *Íd.*, Anejo 1.

reparaciones, sin el consentimiento de la parte apelante. Ante este cuadro, la parte apelante arguyó que Zule Beauty LLC, ocupó la posesión de las oficinas sin su autorización. A esos efectos, la parte apelante adujo que la parte apelada la despojó de la posesión de dicho espacio, las cuales eran las oficinas que ocupó la parte apelada que no estaban suscritas en el contrato de arrendamiento. También, aseveró que Zule Beauty LLC, la despojó de la posesión de los estacionamientos designados para las oficinas que ocupó sin el consentimiento de la parte apelante.

Consecuentemente, la parte apelante solicitó que el foro primario emitiera una resolución interdictal en la que restituyese a la parte apelante de la posesión de las oficinas en controversia y los estacionamientos designados para estas. A su vez, solicitó que el TPI emitiera una orden en la que indicara una fecha de un juicio para dilucidar la *Demanda* de interdicto posesorio.

El 2 de octubre de 2025, el foro primario emitió y notificó una *Sentencia* en la que desestimó la *Demanda* a tenor con lo dispuesto en la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 toda vez que los hechos alegados por la parte apelante no constituyeron actos de perturbación.[3] Además, señaló que no se configuraron los elementos establecidos para conceder un interdicto posesorio. No obstante, el TPI razonó que la parte apelante tenía como remedio la acción de desahucio puesto que es la acción correcta para expulsar a un arrendatario que ocupa un espacio que no debe poseer. Consecuentemente, el *foro a quo* resolvió que la parte apelante no podía acudir ante el TPI mediante el recurso de interdicto posesorio para recuperar la posesión del área que la parte apelada ocupó. Por tanto, el foro primario determinó que el recurso apropiado que debió instar la parte apelante era el recurso de desahucio.

---

[3] *Íd.*, Anejo 2.

Inconforme, el 3 de noviembre de 2025, la parte apelante presentó ante nos una *Apelación* en la que formuló los siguientes señalamientos de error:

> Primer error: Erró el TPI al dictar Sentencia desestimatoria de la Demanda objeto del presente caso a tenor con la Regla 10.2 de Procedimiento Civil, cuando la parte demandada no ha comparecido al pleito a hacer alegación de ningún tipo pues el TPI tan siquiera ha ordenado la expedición de el emplazamiento y de la orden y citación a vista correspondiente en derecho, y a pesar de que dicho Tribunal tiene jurisdicción sobre la materia objeto de la demanda.

> Segundo error: Erró el TPI al desestimar la Demanda del presente caso al intimar que para que se pueda reclamar el que restituyan a una parte en la pose[s]ión de una propiedad de la cual ha sido despojada, el despojo tiene que ser violento.

> Tercer error: Erró el TPI al desestimar la Demanda de interdicto posesorio presentada con relación al espacio adicional, dictaminando que "Tomando como cierta la alegación de que la demanda ostenta la pose[s]ión del espacio adicional el demandante no puede acudir mediante un recurso de interdicto posesorio para que se restituya a una pose[s]ión que ostenta la parte demandada". El TPI pierde el enfoque del caso, pues la apelante solicita se le restituya en la posesión previa que ella ostentaba dentro del año previo a presentarse la demanda y de la cual fue despojada por la demandada cuando ésta ocupó ilegalmente la propiedad, tal y cual provisto por los Artículos 690 y 691 del Código de Enjuiciamiento Civil 32 LPRA SEC. 3561 Y 3562.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra,* procederemos a disponer del recurso de autos.

## II.

## A.

El Art. 724 del Código Civil de Puerto Rico, 31 LPRA sec. 7862, estatuye que, "todo poseedor tiene derecho a ser respetado en su posesión; si es inquietado en ella indebidamente, debe ser amparado o restituido en dicha posesión por los medios que la ley procesal establece". Con ello, el Art. 690 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3561, establece que,

> Se concederá un injunction para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a

satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia.

A esos fines, el Art. 691 del Código de Enjuiciamiento Civil, *supra* sec. 3562, dispone que, la persona que solicita un interdicto posesorio debe cumplir con los siguientes requisitos:

La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:
(1) Que el demandante, dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.
(2) Que ha sido perturbado o despojado de dicha posesión o tenencia. Deberá también describir claramente los hechos constitutivos de la perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de éste.

El Art. 692 del Código de Enjuiciamiento Civil, *supra* sec. 3563, estatuye que el TPI deberá fijar una fecha para celebrar el juicio de dicha demanda, "el cual tendrá lugar dentro de los quince (15) días subsiguientes, debiéndose emplazar al demandado ocho (8) días antes, cuando menos, al fijado para el juicio". Los elementos necesarios para que se configure una protección interdictal, constan establecidos en el Art. 691 del Código de Enjuiciamiento Civil, *supra*. *Miranda Cruz v. SLG Ritch*, 176 DPR 951, 961 (2009). Para que una parte tenga éxito en una acción de un interdicto posesorio, debe establecer que dentro del año "precedente a la fecha de presentación de la demanda, estaba en posesión del bien objeto del pleito, si se trata de recobrarlo, o si lo estaba y está, si se trata de retenerlo". *Miranda Cruz v. SLG Ritch, supra,* pág. 962. Además, la parte promovente debe describir los hechos constitutivos de la perturbación o despojo. *Íd.* En la demanda, debe contener la descripción del inmueble y debe describir la finca de modo que se pueda ubicar donde está para ser identificada al ejecutarse la sentencia que se dicte, de lo contrario no serviría para emitir una sentencia válida. *Miranda Cruz v. SLG Ritch, supra,* pág. 962. El

Tribunal Supremo ha resuelto que, el demandante debe estar en posesión a partir de determinada fecha dentro del año con anterioridad a la presentación de la demanda y si se le privó de tal posesión. *Miranda Cruz v. SLG Ritch*, *supra*, pág. 963, citando a: *Martorell v. Municipio*, 70 D.P.R. 380, 383 (1949); *Maldonado v. Colón*, 68 D.P.R. 340, 342–343 (1948); *Pérez v. Pérez*, 38 D.P.R. 753, 754 (1928). Ahora bien, cuando la parte y sus predecesores estuvieron, "desde tiempo inmemorial y dentro del año precedente a la presentación de la demanda", en posesión del inmueble que describe y dentro del año precedente a la demanda, y dentro de ese año la parte demandada ha obstaculizado el uso y disfrute, es una causa de acción suficiente para que proceda el interdicto posesorio. *Miranda Cruz v. SLG Ritch*, *supra*, pág. 963; *Rodríguez v. Suárez*, 71 DPR 728, 730–731 (1950); *Iglesia Católica, etc. v. Puig*, 52 DPR 773, 774–775 (1939). El propósito de un interdicto posesorio es proveer un remedio rápido y eficaz para proteger la posesión para desalentar a los ciudadanos a que recurran a la fuerza y violencia frente a amenazas de desposesión. *Disdier Pacheco v. García*, 101 DPR 541, 550-551 (1973).  Por su naturaleza sumaria, en el interdicto posesorio solo se ventila el hecho de la posesión. *Disdier Pacheco v. García*, pág. 546; *Rodríguez v. Alcover*, 78 D.P.R. 822 (1955). A esos efectos, en el interdicto posesorio se dilucida el hecho de la posesión y no el derecho a la posesión, siendo la finalidad la protección del hecho de la posesión, sin perjuicio de los derechos de los interesados que se dilucidan en una acción plenaria. *Janer v. Álvarez*, 75 DPR 37, 40-41 (1953).

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 dispone que,

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las

siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 permite que un demandado solicite al Tribunal que desestime la demanda antes de contestarla cuando "es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmobiliaria Baleares, LLC v. Benabe González*, 214 DPR 1109, 1128 (2024); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La solicitud debe hacerse mediante una moción y tiene que estar fundamentada bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia o [la] persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1128; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *López García v. López García*, 200 DPR 50, 69 (2018). Ahora bien, las partes o el Tribunal motu proprio puede elevar el planteamiento de falta de jurisdicción sobre la materia y esta puede hacerse en cualquier etapa de los procedimientos. *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). En lo pertinente, una desestimación por la parte dejar de exponer una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha resuelto que al resolver una moción de desestimación los tribunales están obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. *El Día. Inc. v. Mun. De Guaynabo,* 187 DPR 811, 821 (2013).

Al momento de evaluar una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal tiene que tomar

como cierto los hechos alegados en la demanda y considerarlo de la manera más favorable para el demandante. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1129; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 396. Para que un demandado prospere ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, tiene que demostrar que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación, aun interpretando de forma liberal la demanda. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, págs. 1129-1130; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 396. Ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal debe examinar si el demandante no tiene derecho a que se ventile el pleito, ya sea al amparo del remedio principal o el alternativo. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 397. Si el foro primario resuelve que la demanda no cumple con estándar de plausabilidad, el tribunal debe desestimar la demanda y no permitir que una demanda "insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 307.

**III.**

En el caso de autos, la parte apelante argumentó que el TPI erró al desestimar la *Demanda* en virtud de que no procedía la desestimación a tenor con lo establecido en la Regla 10.2 de Procedimiento Civil, *supra*. Además, la parte apelante alegó que no se le permitió reclamar su derecho a que se le restituya el bien que posee conforme los procedimientos establecidos del interdicto posesorio.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas, el interdicto posesorio es un remedio procesal para que se le restituye la posesión de un bien inmueble a un poseedor que ha sido perturbado de la misma. La parte promovente debe describir con especificidad los hechos que dieron lugar a que fuese despojado de la posesión del inmueble. Asimismo, el interdicto posesorio debe presentarse dentro del año precedente en que estaba en posesión del bien inmueble en controversia. Con ello, el TPI debe fijar una fecha para la celebración del juicio y a partir de ello, <u>expedir el emplazamiento</u> ocho (8) días antes del juicio para que comparezca el demandado.[4]

Por otro lado, el Tribunal está facultado, a solicitud del demandado, en conceder una *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, en las siguientes circunstancias: 1) falta de jurisdicción sobre la materia o [la] persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1128. Así pues, el Tribunal debe cumplir con el estándar delineado por el Tribunal Supremo al momento de resolver una moción de desestimación. Con ello, el foro primario debe dar por cierto las alegaciones que constan en la demanda y considerarlo de manera favorable para el demandante. Ahora bien, si evaluada la demanda y la moción de desestimación, surge que no hay un remedio en derecho que se le pueda conceder al demandante, entonces el foro primario debe desestimar la demanda. De lo contrario, si se desprende de la demanda que el Tribunal carece de jurisdicción sobre la materia, entonces *motu proprio* el Tribunal puede atender dicho asunto.

---

[4] *Véase*, Art. 692 del Código de Enjuiciamiento Civil, *supra* sec. 3563.

Tras un análisis detallado del expediente, resolvemos que el TPI erró en desestimar la *Demanda* a la luz de lo establecido en la Regla 10.2 de Procedimiento Civil, *supra.*

Tal como apunta la parte apelante, el TPI debió cumplir con lo establecido en el Art. 692 del Código de Enjuiciamiento Civil, *supra* sec. 3563, el cual establece que se debe emplazar ocho (8) días antes del juicio al demandado. Conforme con los principios esbozados, el *foro a quo* tenía el deber de cumplir en ordenar los emplazamientos para dar cabalidad al procedimiento establecido estatutariamente. Ante ello, el foro primario no debió de su faz desestimar la *Demanda* instada por la apelada sin antes escuchar los planteamientos que esta debía esbozar en su día en corte. Además, destacamos que el TPI tenía que cumplir en concederle una oportunidad a las partes para expresarse previo a adjudicar la controversia en sus méritos. Una vez, el foro primario diera fiel cumplimiento a lo relacionado con el interdicto posesorio, entonces podía emitir una *Sentencia* resolviendo si dicho remedio procesal procedía. A esos efectos, el foro primario debió dar fiel cumplimiento al texto de la ley y cumplir en expedir los emplazamientos para que Zule Beauty LLC compareciera al pleito.

Enfatizamos que, el foro primario no debió desestimar *motu proprio* la *Demanda*. En primer lugar, no surge de la faz de la *Demanda* que el foro primario carecía de tener jurisdicción sobre la materia para desestimarla *motu proprio*. Es forzoso concluir que, a raíz de los fundamentos esbozados el foro primario, este no ostentaba la facultad para *motu proprio* desestimar la *Demanda*.

A la luz de los fundamentos expuestos, revocamos la *Sentencia* apelada en virtud de que el TPI no cumplió en ordenar un emplazamiento para adquirir jurisdicción sobre Zule Beauty LLC. Asimismo, el foro primario debió estrictamente cumplir con lo

dispuesto en el Código de Enjuiciamiento Civil, *supra*, acerca del interdicto posesorio.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones