JULIO JIMÉNEZ GUZMÁN y GUILLERMINA VEGA VDA. DE FLETCHER, demandantes y apelante el primero, *v.* MADISON J. FLETCHER, demandado y apelado. LOS MISMOS, demandantes y apelados, *v.* EL MISMO, demandado y apelante.

Núms. 9351 y 9352.—*Sometidos:* Noviembre 12, 1946.   *Resueltos:* Abril 9, 1947.

*G. Rivera Cestero* y *R. Rivera Zayas*, abogados de los demandantes, apelante y apelados; *Santiago de la Fuente,* abogado del demandado, apelado y apelante.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Julio Jiménez y Guillermina Vega viuda de Fletcher radicaron una demanda contra Madison J. Fletcher para recobrar la posesión de un camino que, partiendo de la finca de Jiménez, continúa por la de Guillermina Vega y empalma con la carretera insular que conduce de Cataño a Toa Baja, después de atravesar la finca del demandado. Alegaron los demandantes que dentro del año anterior a la radicación de la demanda habían utilizado ese camino para conducir abono y materiales de construcción y para sacar de las fincas yerba y otros productos, y que continuaron utilizándolo hasta que fué cerrado por el demandado el 5 de octubre de 1945. La demanda prosperó en cuanto a Guillermina Vega, pero fué desestimada, con costas, en lo que respecta a Julio Jiménez.

En cuanto a Guillermina Vega, la corte declaró probado que ésta venía utilizando el camino que pasa por la finca del demandado dentro del año anterior a la radicación de la de-

manda y hasta que fué cerrado por el demandado. Péro en lo que se refiere a Jiménez, declaró que no estuvo en la posesión del camino dentro del año anterior a la radicación de la demanda. Consecuentemente, declaró con lugar la demanda en cuanto a Guillermina Vega y sin lugar en lo que respecta a Jiménez.

Fletcher apeló de la parte de la sentencia a favor de Guillermina Vega. Jiménez, de la parte que desestimó su pretensión.

■ Consideraremos, en primer término, la apelación interpuesta por Fletcher. Alega que erró la corte inferior al denegar su moción solicitando que se desestimase la demanda por no aducir hechos constitutivos de causa de acción. Esta defensa está predicada en que la demanda no describe el camino con tal precisión que el funcionario encargado de ejecutar la sentencia pueda identificarlo con certeza.

En la demanda se expresa que el camino tiene alrededor de 1,750 metros de largo por 12 metros de ancho aproximadamente; que empieza en la finca del demandante Jiménez, pasa por la de la demandante Guillermina Vega y finalmente atraviesa la del demandado, empalmando con la carretera insular antes mencionada. Las tres fincas se describen en la demanda. A nuestro juicio, esta descripción es lo suficientemente precisa para. que el márshal pueda razonablemente identificar el camino.

■■ Se queja el demandado de la resolución de la corte negando la inspección ocular por él solicitada. La concesión de una inspección ocular descansa en la sana discreción del tribunal, y a menos que se demuestre perjuicio sustancial, su resolución no será alterada por este Tribunal. *Pueblo* v. *García,* 66 D.P.R. 504.

■ Los tres restantes errores van dirigidos a la apreciación de la prueba. De la evidencia resulta que dentro del año anterior a la radicación de la demanda, la demandante ha venido utilizando el camino en la forma que se ha dicho.

El propio demandado admitió en su testimonio que ella utilizaba el camino después de muerto el padre del demandado, si bien limitó su admisión a que sólo lo utilizaba para ir a ver al demandado. Pero sea ello como fuere, la corte no dió crédito a la declaración del demandado en cuanto negó que la demandante utilizase el camino en la forma que se dice en la demanda y estando sostenida su sentencia por la prueba de la demandante, no debemos intervenir con la decisión de la corte al dirimir el conflicto de la evidencia, pues no se ha demostrado que actuara movida por pasión, prejuicio o parcialidad o que incurriera en error manifiesto al resolverlo en la forma en que lo hizo.

Pasemos ahora a considerar el recurso interpuesto por el demandante Julio Jiménez. El primer error que señala el apelante Jiménez es el de no haberse ordenado la eliminación de la contestación y declarado con lugar la demanda, por ser nulo el juramento de la contestación. Se alega que el juramento es nulo porque al negar los párrafos de la demanda, la negación no se hizo en forma específica, es decir, se hizo una negación general, aunque separadamente, de los distintos párrafos de la demanda.(¹)

Bajo el imperio del Código de Enjuiciamiento Civil, art. 110, inciso 2, si la demanda es jurada, la negación de cada alegación impugnada debe ser específica, pero no es esa la ley, bajo las Reglas de Enjuiciamiento Civil. La Regla 8(*b*) prescribe, en lo pertinente, como sigue:

"... . Cuando el que hace una alegación intente de buena fe negar solamente una parte de un hecho, especificará lo que sea cierto y esencial y negará solamente lo demás. *A menos que el que conteste intente de buena fe negar todos los hechos expuestos en la alegación*

---

(¹)Los párrafos de la contestación a que se refiere este señalamiento de error, dicen así:

"1. Que por falta de información y creencia, niega todos y cada uno de los hechos contenidos en el párrafo primero de la demanda.

"2. Que niega todos y cada uno de los hechos contenidos en el párrafo segundo de la demanda.

"3. Niega todos y cada uno de los hechos contenidos en el párrafo tercero de la demanda."

*precedente,* podrá formular sus negativas específicamente en cuanto a determinadas alegaciones o párrafos, o *podrá negar generalmente todas las alegaciones,* con excepción de aquellas alegaciones o párrafos que admite expresamente; *pero cuando de buena ʼfe intente controvertir todos los hechos alegados, podrá hacerlo en forma de una negación general* sujeto a las obligaciones establecidas en la Regla 11.ʼʼ (Bastardillas nuestras.)

Estando provista en las Reglas de Enjuiciamiento Civil la forma de contestar, el inciso 2 del art. 110 del Código de Enjuiciamiento Civil ha quedado sin efecto. Sobre este particular dice Moore:

ʼʼLa negación en cualquier acción que se rija por estas Reglas [Reglas de Enjuiciamiento Civil] deberá formularse de acuerdo con las Reglas, y cualquier estatuto que prescriba una forma o método diferente, debe considerarse sustituído o modificado en cuanto estuviere en conflicto con dichas reglas.ʼʼ 1 Moore's *Federal Practice,* pág. 565.

█ Se queja también el apelante de que la corte cometió error manifiesto en la apreciación de la prueba al declarar que él no estuvo en posesión del camino dentro del año precedente a la radicación de la demanda. La prueba es contradictoria. Los testigos del demandante declararon que Jiménez usaba el camino para llevar a su finca abono y materiales de construcción y para sacar de ella yerba y otros productos de la finca. Pedro Correa, mayordomo del demandado, declarando como testigo de éste, manifestó que Jiménez pasaba por el camino con una camioneta de entrega hasta que fué cerrado por el demandado. Pero éste declaró terminantemente que no era verdad que Jiménez usara ese camino con camiones y carros dentro del año anterior a la radicación de la demanda. Admitió que cuando Jiménez actuaba como apoderado del padre del demandado, pasaba por su finca en camioneta y a caballo otras veces, pero esto lo hacía como apoderado de su padre; que muerto éste en marzo de 1945, Jiménez no volvió a pasar. La corte inferior, en lo que a Jiménez respecta, dió crédito a la declaración de Fletcher y

no habiéndose demostrado que al así hacerlo cometiera error manifiesto o actuara movida por pasión, prejuicio o parcialidad, no debemos intervenir con su discreción en la apreciación de la prueba.

Refiriéndose a Jiménez, la corte dijo en su opinión:

". . . No existe un derecho claro a favor del demandante Jiménez a la posesión material del camino en discusión con un año de antelación a la radicación de la demanda."

Arguye el apelante Jiménez que esa manifestación de la corte demuestra que confunde la ley relativa al *injunction* ordinario con el injunction posesorio, en el cual sólo se ventilan cuestiones de hecho, y que esa confusión la indujo a fallar el caso en contra suya.

Considerada aisladamente, esa manifestación de la corte parece indicar que entendió que la demanda de injunction posesorio no puede prosperar si el demandante no tiene un derecho claro a la posesión material. Pero del contexto de la opinión se infiere que cuando la corte *a quo* expresó que no existe "un derecho claro a favor del demandante Jiménez a la posesión material," lo que tuvo en mente fué que Jiménez no tenía un derecho claro al remedio de injunction posesorio porque los hechos que consideró probados no sostenían su alegación de haber estado en la posesión material del camino dentro del año anterior a la radicación de la demanda. Precisamente, la oración que precede a dicha manifestación de la corte, dice así:

"La Corte estima que si el demandante Julio Jiménez ocasionalmente pasaba por la finca del demandado, lo hacía como empleado o socio de Fletcher."

Además, párrafos anteriores de la opinión, revelan que el juez de la corte inferior tiene un concepto claro de la verdadera controversia en los casos de injunctions posesorios.

*Procede desestimar los recursos interpuestos por el demandado Madison J. Fletcher y por el demandante Julio Jiménez, respectivamente, y confirmar la sentencia apelada.*