MIGUEL MARTORELL y su esposa ROSA BLANCA GALÁN MEJÍAS, demandantes y apelados, *v.* EL MUNICIPIO DE DORADO, su Alcalde LUIS RIVERA, su Auditor ALFONSO LÓPEZ y su Tesorero-Director Escolar GERARDO CANINO, demandados y apelantes.

Núm. 9668.—*Sometido:* Mayo 12, 1949. *Resuelto:* Julio 28, 1949.

*Samuel R. Quiñones,* abogado de los apelantes; *Rafael Rivera Zayas, Gaspar Rivera Cestero* y *Milton F. Rúa,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corte inferior al declarar con lugar la demanda en este caso se fundó en dos conclusiones legales, a saber: (1) que en los interdictos para recobrar y retener la posesión, el demandante sólo tiene que alegar y probar que estaba en la posesión o tenencia de la propiedad *dentro* del año anterior a la radicación de la demanda y (2) que aunque la posesión disfrutada por el demandante durante ocho meses fuera adquirida originalmente por medio de la violencia o clandestinamente, la misma puede ser protegida, mediante el inter-

dicto posesorio, en contra de una actuación violenta del demandado privándolo de dicha posesión, y que como consecuencia, el artículo 373 del Código Civil[1] no es aplicable a este caso. Estas dos conclusiones sirven de base a los dos primeros errores señalados por los apelantes.

En la demanda enmendada se alegó que los demandantes están en la posesión real de ciertas fincas radicadas en Dorado; que a través de dichas fincas discurre un camino conocido como "La Sardinera", que también es propiedad de los demandantes; que los demandados perturbaron a los demandantes en la posesión y tenencia de parte de estas fincas al remover y correr las cercas que separaban el camino del resto de la propiedad despojando así a los demandantes de tres cuchillos de terreno.

Aunque los demandantes solicitaban la posesión del camino "La Sardinera"—el cual según el Municipio de Dorado es un camino público—en una conferencia celebrada antes del juicio se limitó la controversia única y exclusivamente a la posesión de los tres cuchillos de terreno situados al lado del antes mencionado camino.

La corte inferior basó su conclusión en cuanto a los hechos en lo declarado por Alfonso López, Secretario Auditor del Municipio de Dorado, único testigo que aparentemente le mereció crédito, e hizo constar lo siguiente:

"*      *      *      *      *      *      *

"Después de dos días de juicio se sentó a declarar el demandado Alfonso López, Secretario Auditor del Municipio del Dorado. López relató que habiendo averiguado que la cerca del camino La Sardinera había sido removida fueron al sitio y comprobaron que era cierto; que Martorell había movido la cerca de donde estaba en la parte alta del talud al rodaje de la carretera, estrechando el camino y agrandando su finca; que fueron donde Martorell a protestar y éste les admitió haber cambiado la cerca y les alegó que

---

[1] El artículo 373 del Código Civil (ed. 1930) dispone:

"Artículo 373.—Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, **no** afectan a la posesión."

el camino era de él. Esto en cuanto a los tres cuchillos de terreno. Con respecto a la finca del camino de Miss Livingston, López declaró que esa cerca no existía, pero que hacía como ocho meses Martorell puso la cerca cerrando el camino de la finca que había sido de Miss Livingston y que ahora pertenece a Martorell; que allá para la segunda quincena de julio del presente año él, con la ayuda de unos obreros y por orden del Alcalde, movieron las cercas antes mencionadas de donde estaban últimamente para dentro de la finca La Sardinera. Tuvieron que picar los alambres de las cercas que había puesto el Sr. Martorell. Explicó que la referida actuación del Municipio ocurrió siete meses después de Martorell haber removido las cercas en cuanto a los dos cuchillos de terreno en el extremo del camino en la playa. En el cuchillo donde comienza el camino o sea desde la carretera del Dorado a Vega Baja hubo una diferencia de dos meses entre la actuación de Martorell y la del Municipio de remover de nuevo las cercas. No obstante todos los demás testimonios contradictorios, para los fines de la resolución de este pleito aceptamos que los hechos envueltos en este caso son los descritos por el codemandado Alfonso López. . .''

■ En el caso de *United P. R. Sugar Co.* v. *Sucn. Sánchez,* 51 D.P.R. 195, 198, interpretando el inciso 1 de la sección 2 de la Ley Proveyendo Procedimientos para Recobrar la Posesión de Propiedad Inmueble (Ley núm. 43 de 13 de marzo de 1913 [(1) pág. 85] según fué enmendada por la Ley núm. 11 de 14 de noviembre de 1917 [(2) pág. 221]) (artículo 691 del Código de Enjuiciamiento Civil),(²) resolvimos que dicho inciso 1 de la sección 2, supra, ''debe ser interpretado en el sentido de que significa lo que sus términos dicen, o sea, 'dentro del año precedente a la presentación de la demanda,' y no por espacio de más de un año anterior a la fecha de la alegada perturbación.''

■ Resolvimos, además, que el artículo 373 del Código Civil, supra, no era aplicable a los interdictos posesorios ya

---

(²)''Artículo 691.—(2 L) (*Enmendado según la Ley núm. 11 de 1917.*) —La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:

''(1) Que el demandante, dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.''

que el demandante no tenía que alegar que no había adquirido la posesión mediante violencia o valiéndose de medios clandestinos y sí eran aplicables los artículos 375 y 1868 de dicho código.(3)

Al mismo efecto, en los casos de *Pérez* v. *Pérez,* 38 D.P.R. 753; *Maldonado* v. *Colón,* 68 D.P.R. 340; *Jiménez* v. *Fletcher,* 67 D.P.R. 165 y otros, siempre hemos resuelto que la cuestión a resolver en estos casos es si el demandante estaba en posesión en determinada fecha dentro del año con anterioridad a la radicación de la demanda y si se le privó de tal posesión. Los casos de *Iglesia Católica, etc.* v. *Puig,* 52 D.P.R. 773 y *Ávila* v. *Náter,* 60 D.P.R. 639, citados por los apelantes, no resuelven lo contrario. En dichos casos lo que se dijo en cuanto a que si en las demandas se alegaba que los demandantes habían estado en posesión durante muchos años y la perturbación había ocurrido dentro del año anterior a la radicación de las demandas, las mismas aducían hechos suficientes bajo el artículo 691, supra.

La razón es obvia. Si el perturbador llega a estar en posesión un año, la acción del poseedor anterior prescribe —artículo 1868 del Código Civil, supra—y la posesión del perturbador se consolida haciéndose necesaria la acción plenaria. A ese efecto dice Manresa en sus comentarios al artículo 446 del Código Civil Español equivalente al 375 del nuestro:

"*Todo poseedor*, dice el artículo 446, tiene derecho a ser respetado en su posesión. ¿Es poseedor el que lleva menos de un año en la tenencia de la cosa o ejercicio del derecho? Creemos que esto no admite duda, porque no hay disposición alguna que exija ese ni otro tiempo más o menos limitado para elevarse a la categoría de poseedor. A, es despojado de su posesión a los siete meses de

---

(3) Dichos artículos, en lo pertinente, disponen:

"Artículo 375.—Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen."

"Artículo 1868.—Prescriben por el transcurso de un año:

"1. La acción para recobrar o retener la posesión."

estar poseyendo, entabla el interdicto contra el perturbador o despojante; ¿en qué puede fundarse la autoridad judicial para rechazar la demanda, si lo único que se exige es que se pruebe el hecho de la posesión y los actos perturbadores, si ambas cosas existen, y además no ha transcurrido un año desde el despojo? . . .

:    "*       *       *       *       *       *       *

"Por último, que algo significa la distinción entre la posesión de más y la de menos de un año, es indudable, según hemos demostrado al principio. Esta es cuestión de derecho a la posesión. Que pretenda el que la ha perdido recuperarla, ya por interdicto, ya por otro medio, y verá ese año lo que pesa. . . ." Manresa, Comentarios al Código Civil, Tomo IV, 5ta. ed., págs. 204 y 207.

Y en cuanto a la segunda cuestión el mismo autor en sus Comentarios a los artículos 1651 y 1652 de la Ley de Enjuiciamiento Civil Española, que tratan sobre los interdictos, sostiene que:

"  . . . corresponde el interdicto de recobrar a todo el que se halla *en posesión o tenencia* de la cosa, lo mismo al legítimo ·poseedor, que al mero detentador. Y al declararlo así, no sólo se ha seguido la opinión más autorizada, sino también la más conveniente, *pues siendo el despojo un atentado contra el orden público*, debe reprimirse instantáneamente sin atender al título con que poseía el despojado, para evitar las perturbaciones consiguientes, e impedir que nadie se tome la justicia por su mano.

"De lo expuesto se deduce que el interdicto de recobrar *no sólo compete al propietario* y usufructuario, que son los que tienen la *posesión jurídica*, sino también al inquilino, arrendatario, colono, depositario y comodatario, al que tiene la cosa en prenda, *y aun al que la tiene por fuerza, clandestinamente o por ruegos, los cuales sólo se hallan en la tenencia de la cosa.* Pueden entablarlo siempre que sean despojados de dicha posesión o tenencia; y con el que les haya causado el despojo, ya por sí mismo, ya de su orden por medio de sus criados o dependientes, o de cualquiera otra persona . . ." (Bastardillas nuestras.) Manresa, Comentarios a la Ley de Enjuiciamiento Civil, Tomo VI, 3a. ed., págs. 148–49.

██ No se está prejuzgando en esta acción quién tiene el derecho de posesión a las parcelas de terreno en controversia, si el demandante o el demandado. Sólo tiene por objeto

"decidir *interinamente* sobre el *hecho* de la posesión sin perjuicio del derecho de los interesados," ya que "Por su propio carácter, las resoluciones en ellas recaídas no deciden nada en definitiva. . ." (IV Manresa, supra, pág. 190.) El derecho a la posesión deben ventilarlo en el juicio plenario correspondiente. No erró la corte al así resolverlo.

■ En cuanto al tercer señalamiento carece de méritos. Los demandados ofrecieron como prueba un plano del camino "La Sardinera." Los demandantes se opusieron y la corte denegó su admisión y ordenó que se marcase como prueba ofrecida y no admitida. Entonces los demandados anotaron una excepción pero a renglón seguido hicieron constar que:

". . . No tenemos interés entonces en presentarlo. ¿El demandante tiene interés en que quede en evidencia?

"Demandantes: No." (Transcripción de evidencia, segunda pieza, pág. 105.)

Si los mismos apelantes retiraron el plano pues "no [tenían] interés . . . en presentarlo" y de hecho el plano no ha sido elevado a este Tribunal, no existe base alguna para sostener el error alegado.

*Debe confirmarse la sentencia.*