ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **JULIO PAGÁN RODRÍGUEZ**<br><br>Apelado<br><br>v.<br><br>**VICENTE PAGÁN VEGA y OTROS**<br><br>Apelantes | KLAN202300650 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Aibonito**<br><br>Civil Núm.:<br>**PO2023CV00618**<br><br>Sobre:<br>Interdicto Posesorio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo[1].

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece ante nos el señor Vicente Pagán Vega, la señora Vanessa Bátiz López y la Sociedad Legal de Gananciales compuesta por ambos (la parte apelante o el matrimonio Pagán-Bátiz) para peticionarnos que revoquemos una *Sentencia* emitida el 22 de junio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI).[2] Mediante el referido dictamen, el TPI declaró Con Lugar la *Demanda* instada por el señor Julio Pagán Rodríguez (la parte apelada o el señor Pagán Rodríguez) y, consecuentemente, le concedió un término de diez (10) días al matrimonio Pagán-Bátiz para remover el ganado del terreno que posee el señor Pagán Rodríguez y las barreras que impiden el acceso a dicho terreno.

---

[1] Mediante la Orden Administrativa OATA-2023-212 de 6 de diciembre de 2023, se designó a la Hon. Lersy G. Boria Vizcarrondo como integrante de este Panel Especial en sustitución del Hon. Ángel R. Pagán Ocasio.
[2] Apéndice del *Escrito de Apelación*, Anejo 1, págs. 1-7. Archivada y notificada en autos el 26 de junio de 2023.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

Veamos los antecedentes fácticos y procesales que sostienen nuestra determinación.

-I-

El caso que nos ocupa tuvo su génesis el 2 de marzo de 2023, cuando el señor Pagán Rodríguez presentó una *Demanda* contra el matrimonio Pagán-Bátiz sobre interdicto posesorio. Mediante esta, la parte apelada alegó que, poseyó civilmente, en calidad de dueño, de buena fe y de forma pacífica e ininterrumpidamente un terreno de aproximadamente 1.74 cuerdas en el Barrio Santa Catalina en Coamo, Puerto Rico.[3] A su vez, estableció que desde el año 1972, su padre poseyó dicho terreno en calidad de dueño hasta su muerte en el año 2002 y que, a partir del fallecimiento de su padre, el señor Pagán Rodríguez continuó la posesión civilísima del terreno. Adujo que en el año 2020 rehabilitó el terreno, sembró árboles, recolectó los frutos y construyó una estructura para guardar las herramientas con las que le proveía mantenimiento al predio. Estableció que, desde tiempos inmemorables, ha utilizado un camino vecinal que constituye una servidumbre en equidad. No obstante, arguyó que el 22 de enero de 2023 se enteró que el matrimonio Pagán-Bátiz le arrebató violentamente su derecho de posesión en dicho terreno. Sostuvo que el 23 de enero de 2023 se personó al predio y descubrió que el camino vecinal que conduce a su terreno estaba cerrado con un portón con un candado y un automóvil cruzado que impedía el paso. Alegó que, desde entonces, el matrimonio Pagán-Bátiz utilizó el terreno para la cría de ganado, ocasionándole unos daños irreparables a sus cultivos, cosechas y terreno. Aseguró que, dentro

---

[3] *Íd.*, Anejo 2, en las págs. 8-12. La *Demanda* se presentó en el Tribunal de Primera Instancia, Sala Superior de Ponce. No obstante, dado que el bien inmueble en controversia se encuentra sito en Coamo, el caso se trasladó al Tribunal de Primera Instancia, Sala Superior de Aibonito.

del año precedente a la fecha de presentación de la *Demanda,* estaba en posesión del terreno y del camino vecinal. Por cuanto, solicitó que se le ordene a la parte apelante abrir inmediatamente el portón para que se le permita entrar al terreno y disfrutar del camino vecinal. Además, peticionó que se le condene a la parte apelante al pago de la suma de dos mil quinientos dólares ($2,500.00), así como una compensación razonable por los daños y perjuicios causados.

Por su parte, el 19 de junio de 2023, el matrimonio Pagán-Bátiz presentó una *Contestación a demanda.*[4] Mediante esta, arguyó que el señor Pagán Rodríguez nunca ha poseído el predio en controversia en calidad de dueño y que dicho predio le pertenece a la sucesión del señor Vicente Pagán Matos.

El 20 de junio de 2023 se celebró una vista de interdicto posesorio. Durante la vista, se presentó el testimonio de los señores Pagán Rodríguez, Efraín Pagán Colón y Vicente Pagán Vega. En esencia, el testimonio del señor Pagán Rodríguez versó en explicar las colindancias del terreno en el que ha sembrado desde el año 2020 y los daños que sufrió conjunto a su familia al no tener acceso a dicho predio. Esgrimió que el camino vecinal que el matrimonio Pagán-Bátiz le bloqueó es la única vía que le permite acceder al terreno. Además, estableció que la parte apelante abrió un portón del terreno y ubicó un ganado que destruyó su cosecha. Subrayó que, por dicha destrucción, ha gastado entre diez mil dólares ($10,000.00) a quince mil dólares ($15,000.00). A su vez, sostuvo que desaparecieron las herramientas que poseía en dicho terreno. Por su parte, los testimonios de los señores Efraín Pagán Colón y Vicente Pagán Vega se circunscribieron a cuestiones sobre la titularidad del terreno.

Así las cosas, el 22 de junio de 2023, el TPI emitió una *Sentencia* en la que declaró Con Lugar la *Demanda* instada por el

---

[4] *Íd.*, Anejo 3, en las págs. 8-12.

señor Pagán Rodríguez. En consecuencia, ordenó al matrimonio Pagán-Bátiz que, dentro del término de diez (10) días, removiera el ganado y las barreras que impedían el acceso a la parte apelada. Entre otros remedios, decretó que la parte apelante se abstuviera de interferir con el uso del predio, hasta que se disponga otra cosa. A su vez, le impuso a la parte apelante el pago de la suma de ocho mil dólares ($8,000.00) en daños y perjuicios y la imposición de costas y mil quinientos dólares ($1,500.00) en honorarios de abogados. El Foro Primario precisó que la *Sentencia* no estableció nada con respecto a la titularidad del predio ni sobre el carácter en que el señor Pagán Rodríguez lo poseyó, por lo que no constituyó un impedimento para que las partes entablen las acciones judiciales o administrativas correspondientes para reclamar la posesión o título del terreno. La decisión del TPI estuvo basada en las siguientes determinaciones de hechos:

1. El demandante, Julio Pagán Rodríguez, es mayor de edad, casado con Dadsy J. Torres Rivera y vecino de Ponce, PR.

2. El demandado, Vicente Pagán Vega es mayor de edad, casado con Vanessa B[á]tiz López y vecino de Coamo, PR.

3. La finca en cuestión ubica en el Barrio Catalina, Sector Descalabrado, carretera 150 KM. 14.5 en Coamo, PR. y cuenta con unas 1.74 cuerdas aproximadamente.

4. La finca colinda con terrenos de Reyes María y Efraín Pagán Colón y de la Sucn. Vicente Pagán.

5. El camino de acceso de la antes descrita propiedad cuenta con cuatro (4) portones.

6. En el transcurso del camino de acceso y hacia la izquierda ubica la propiedad de Rosa Rodríguez de Jesús, madre del demandante.

7. El único acceso a esta propiedad es a través de este camino.

8. En noviembre de 2020, el demandante junto a su esposa y dos (2) hijos comenzaron a limpiar la finca para utilizarla para siembra.

9. La siembra consistió en gandules, plátanos y árboles frutales.

10. En algún momento en 2022, la parte demandante comenzó la construcción de un almacén para los instrumentos y equipo.

11. En diciembre de 2022, el demandante junto a su familia recogió la cosecha de gandul.

12. La propiedad esta demarcada por espeques de madera con alambre.

13. El terreno fue cercado originalmente por Félix Pagán, hermano del demandante y empleado de Vicente Pagán Vega en 2010 y luego reparado en 2017.

14. El demandado, Vicente Pagán Vega posee ganado.

15. En 2023 el camino de acceso a la propiedad fue restringido por candado en el segundo portón y por un vehículo obstaculizando el paso.

16. [El] [g]anado tuvo acceso a la propiedad en algún momento antes de marzo de 2023 sin el conocimiento de la parte demandante destruyendo la siembra y cosecha habida.

17. El demandante poseyó la finca antes descrita desde 2020 hasta enero de 2023.[5]

Inconforme con la determinación del TPI, el 26 de julio de 2023, el matrimonio Pagán-Bátiz compareció ante esta Curia apelativa mediante el presente recurso de apelación, en el cual planteó que el Foro apelado cometió los siguientes cinco (5) errores:

**PRIMER ERROR COMETIDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE AIBONITO (HONORABLE TERESITA M. MERCADO VIZCARRONDO, JUEZA), AL EMITIR UNA DETERMINACIÓN DE CON LUGAR AL INTERDICTO POSESORIO, YA QUE LA MISMA RESULTA INSUFICIENTE E INSATISFACTORIA PARA SOSTENER DICHA DETERMINACIÓN YA QUE EL DEMANDANTE NUNCA PUDO ESTABLECER CONOCIMIENTO PERSONAL DE QUIEN INTERRUMPIÓ SU POSESIÓN, FUNDAMENTAREMOS LA EXISTENCIA DE PASIÓN, PREJUICIO O PARCIALIDAD.

**SEGUNDO ERROR COMETIDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE AIBONITO (HONORABLE TERESITA M. MERCADO VIZCARRONDO, JUEZA), AL IMPONER UNA CUANTÍA EN DAÑOS SIN SER SOSTENIDA EN LA PRUEBA, EN EFECTO, NI TAN SIQUIERA COMO PARTE DE LAS DETERMINACIONES DE HECHOS REALIZADA POR EL TRIBUNAL SE SOSTIENE LA CUANTÍA.

---

[5] *Íd.*, en las págs. 3-4.

**TERCER ERROR COMETIDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE AIBONITO (HONORABLE TERESITA M. MERCADO VIZCARRONDO, JUEZA) CUANDO TODA LA PRUEBA SOMETIDA POR LA APELADA ES DEL AÑO 2022 Y NO SOSTIENE SU TESTIMONIO QUE POSEÍA LA PROPIEDAD DESDE NOVIEMBRE 2020.

**CUARTO ERROR COMETIDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE AIBONITO (HONORABLE TERESITA M. MERCADO VIZCARRONDO, JUEZA) CUANDO TODAS LAS DETERMINACIONES DE HECHOS REALIZADAS SON DEL TESTIMONIO DE LA APELADA Y NO SOPESÓ EL TESTIMONIO DE LA APELANTE[,] ESTO DENOTANDO UN ANÁLISIS DE LA PRUEBA ERRADO CAUSANDO POR PERJUICIO Y PARCIALIDAD.

**QUINTO ERROR COMETIDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE AIBONITO (HONORABLE TERESITA M. MERCADO VIZCARRONDO, JUEZA) AL NO PERMITIR CONTRAINTERROGAR LA PRUEBA CONFORME A LA CONSTRUCCIÓN DE LOS LINDES DEL TERRENO, SIEMBRAS EN EL LUGAR ETC.

En esencia, la parte apelante alegó que el señor Pagán Rodríguez no desfiló prueba que vincule al matrimonio Pagán-Bátiz con la acción de despojo en el terreno en cuestión. Asimismo, adujo que no se presentó prueba con respecto a la fecha en que la parte apelada poseyó el terreno y sobre la cuantía de los daños alegados. Arguyó que el TPI no le permitió dirimir con relación a la fecha de compra de los materiales poseídos por la parte apelada en el terreno y sobre cómo y con qué materiales se construyó la verja. Estableció que el Foro apelado no realizó determinaciones de hecho con respecto a los testimonios de los testigos presentados por la parte apelante. Por último, la parte apelante esgrimió que no se le permitió contrainterrogar al señor Pagán Rodríguez.

Por su parte, el 22 de diciembre de 2023 presentó su *Oposición a apelación*, en la que expresó que ante el TPI se presentó prueba sobre los requisitos para que se conceda un interdicto posesorio. A su vez, indicó que la determinación del Foro Primario con respecto a los daños probados y a la cuantía otorgada merece total deferencia dado que dicho Foro apreció, observó y escuchó la prueba.

Con el beneficio de la comparecencia de las partes, procedemos a pormenorizar la normativa jurídica atinente a este recurso.

-II-

-A-

En nuestro ordenamiento jurídico, los foros apelativos debemos brindar deferencia a las determinaciones de hechos formuladas por el tribunal de instancia. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 740 (2007). Esta deferencia yace en que el foro primario está en mejor posición que un tribunal apelativo para realizar la determinación de credibilidad. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Se le impone un respeto a la labor del tribunal de instancia en aquilatar la credibilidad, dado que los foros apelativos sólo poseemos récords mudos e inexpresivos. *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 811 (2009); *Pérez Cruz v. Hospital La Concepción*, 115 DPR 721, 728 (1984). Pues, en gran medida, la determinación de credibilidad depende de observar la manera en que la persona testigo declara, apreciar sus gestos, titubeos, contradicciones, entre otros factores que van formando gradualmente la convicción en cuanto a la verdad en la conciencia de la persona juzgadora. *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 67-68 (2009). Cónsono con lo anterior, la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2 dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos".

De esta forma, en ausencia de error manifiesto, prejuicio, parcialidad o pasión, los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad ni las determinaciones de hechos efectuadas por el foro primario. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022); *Sucn. Pagán Berrios v. UPR y*

*otros*, 206 DPR 317, 336 (2021); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021).

Se incurre en prejuicio, parcialidad o pasión, cuando la persona juzgadora actúa motivada "por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". *Dávila Nieves v. Meléndez Marín, supra*, en la pág. 782. Además, "el error manifiesto ocurre cuando el foro apelativo queda convencido de que se cometió un error, a pesar de que haya evidencia que sostenga las conclusiones de hecho del tribunal, porque existe un conflicto entre las conclusiones y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". *Ortiz Ortiz v. Medtronic, supra,* en la pág. 779. De otra forma, únicamente se alterará el dictamen del tribunal de instancia en una circunstancia de error manifiesto cuando, de un examen detenido de toda la prueba, el foro apelativo esté convencido que la persona juzgadora descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios de escaso valor o inherentemente improbables o increíbles. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Por ello, nuestra facultad para sustituir el criterio del foro primario está limitada a las instancias en las que, a la luz de la prueba admitida, no existe base suficiente para apoyar su determinación. *Ortiz Ortiz v. Medtronic, supra.*

Por otro lado, los tribunales apelativos nos encontramos en la misma posición del foro primario para evaluar la prueba documental o pericial que fundamentan las determinaciones de hecho. *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884, 918 (2016); *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

-B-

Nuestro Código Civil reconoce que todo poseedor tiene derecho a ser respetado en su posesión, por lo que, si es inquietado indebidamente, debe ser amparado o restituido en dicha posesión por los medios que la ley procesal establece. Art. 724, Cód. Civ. PR, 31 LPRA sec. 7862. En este sentido, nuestro ordenamiento jurídico autoriza la intervención judicial con el objetivo de proteger la posesión de hecho que, en un determinado momento, estuvo expuesta a perderse o se perdió, sin dirimir si dicha posesión está justificada o no. J. R. Vélez Torres, *Curso de Derecho Civil: Los bienes, Los Derechos Reales*, San Juan, UIPR, Facultad de Derecho, 2002, T. II, pág. 132. De igual forma, este "remedio permite recobrar la posesión de cualquier tipo sobre un bien inmueble, sea esta la posesión de todo el bien sea la misma posesión que tiene quien disfruta de una servidumbre de paso, pues el acto de pasar por un predio ajeno es un acto de dominio que implica posesión". L. Muñiz Arguelles, *Los derechos reales conforme al Código Civil de 2020, Vol. I: Bienes, conceptos y derecho de propiedad, Edición Preliminar*, San Juan, Ediciones SITUM, 2021, pág. 98, *aludiendo a Miranda Cruz y otros v. SLG Ritch*, 176 DPR 951 (2009) y *Jiménez v. Fletcher*, 67 DPR 165 (1947). "Esto es así, porque la protección posesoria se apoya en la necesidad de mantener el orden y la paz social, evitando, de este modo, la violencia y el despojo [injustificado]". *Íd.* De esta forma, los interdictos tienen el objetivo de restaurar el estado de hecho existente antes del despojo o la perturbación. M. R. Garay Aubán, *Código Civil, Tomo 3: Derechos Reales*, San Juan, Ediciones SITUM, 2da ed., 2021, pág. 41. Pues, existe una consideración de política de evitar que las personas se tomen la justicia por sus propias manos y, dado que el despojo es un atentado contra el orden público, se permite reprimir este acto instantáneamente para evitar ulteriores perturbaciones, sin atender al título con que posea la persona despojada. *Miranda Cruz*

*y otros v. SLG Ritch, supra,* en la pág. 968; *Segarra Boerman v. Vilariño,* 92 DPR 314, 320 (1965); *Martorell v. Municipio,* 70 DPR 380, 385 (1949); M. Izquierdo Encarnación, *Introducción a los Derechos Reales,* San Juan, Ediciones SITUM, 2021, pág. 62.

La acción para recobrar el hecho de la posesión se conoce como interdicto posesorio. *Miranda Cruz y otros v. SLG Ritch, supra,* en la pág. 967. El Código de Enjuiciamiento Civil regula lo atinente al interdicto posesorio por virtud de los Artículos 690 al 695. Véase 32 LPRA secs. 3561-3566. El Artículo 690 del Código de Enjuiciamiento Civil establece que "[s]e concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido despojada de dicha posesión o tenencia". *Íd.,* sec. 3561. A saber, el interdicto posesorio puede ejercitarse por el poseedor, aun contra el propietario del inmueble. *Íd.,* en las págs. 968-969. Pues, **"[e]l deber general de abstención alcanza, incluso, al propietario, [...] quien también está vedado [de] acudir a las vías de hecho; sino que habrá de utilizar los medios legales en demostración de su derecho, único cauce para lograr que ceda la posesión ajena".** *Íd.,* en la pág. 969, citando a J. M. de Castro Fernández, *La protección interdictal: amplitud,* Madrid, Editorial Colex, 1986, pág. 19 (Énfasis nuestro).

Dada la naturaleza sumaria del interdicto posesorio, sólo se dilucida interinamente sobre el hecho de la posesión del inmueble, por lo que las cuestiones relacionadas a la pertenencia del terreno son inmateriales. *Disdier Pacheco v. García,* 101 DPR 541, 547 (1973); *Manrique v. Álvarez,* 58 DPR 74, 76 (1941); J. R. Vélez Torres, *op. cit.,* en la pág. 133. Asimismo, es irrelevante si quien perturbó sufrirá daños mayores que quien instó la acción. Luis Muñiz Arguelles,

*Lecciones sobre derechos reales*, San Juan, 2023, pág. 121. Igualmente, debido a que es un proceso sumario, "no puede recurrirse a los procedimientos de descubrimiento de prueba ni invocarse los plazos o presentarse las mociones previas al juicio que se reglamentan en las Reglas de Procedimiento Civil". *Íd.*, en la pág. 122. Esto, ya que, por su propio carácter, las resoluciones recaídas en la acción de interdicto posesorio no deciden nada en definitivo. *Disdier Pacheco v. García, supra*, en la pág. 548; *Martorell v. Municipio, supra*, en la pág. 386. Los interesados pueden dilucidar su derecho en una acción plenaria. *Íd.*; *Janer Vilá v. Tribunal Superior*, 75 DPR 37, 40 (1953).

De esta forma, en la demanda sobre interdicto posesorio, debe constar:

> (1) Que el demandante, dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.
> (2) Que ha sido perturbado o despojado de dicha posesión o tenencia.
> Deberá también describir claramente los hechos constitutivos de la perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de éste. 32 LPRA sec. 3562.

La persona que solicite protección mediante interdicto posesorio debe estar en posesión de la propiedad dentro del año precedente a instar la demanda o, incluso, pudo haber estado en posesión sólo minutos dentro de año precedente. Muñiz Arguelles, *op. cit.*, en la pág. 122.

Tras aquilatar la prueba, el tribunal dictará sentencia sin demora, ordenará que el demandante sea restablecido en la posesión y, bajo apercibimiento de desacato, requerirá que el perturbador se abstenga de realizar los actos de perturbación. 32 LPRA secs. 3565-3566. Asimismo, el tribunal de instancia le impondrá costas a la parte contra la cual se dicte sentencia. *Íd.*, sec. 3565.

A la luz de la normativa jurídica aplicable a los hechos y a la controversia ante nuestra consideración, procedemos a resolver.

-III-

En el caso de autos, el matrimonio Pagán-Bátiz señaló que el TPI cometió cinco (5) errores. Por todos los errores estar intrínsecamente relacionados y versar sobre la apreciación de la prueba, los discutiremos en conjunto. En síntesis, la parte apelante estableció que el Foro Primario incidió al declarar Con Lugar el interdicto posesorio ya que el señor Pagán Rodríguez no desfiló prueba relacionada al tiempo que poseyó el terreno, la persona que interrumpió su posesión, ni la cuantía de los daños alegados. Además, señaló que el TPI erró al no formular determinaciones de hechos con relación a los testimonios presentados por la parte apelante y al no permitirle contrainterrogar con respecto a la construcción de los lindes y la siembra en el terreno.

Durante la vista de interdicto posesorio, el TPI tuvo la oportunidad de evaluar y aquilatar la prueba documental y testifical. De la prueba vertida y creída, el Foro Primario concluyó que no existió controversia en que el señor Pagán Rodríguez estuvo en posesión del terreno por un espacio de tres (3) años, incluyendo el año previo a la presentación de la *Demanda*; que el matrimonio Pagán-Bátiz colocó barreras que impidieron el acceso al terreno y permitió que su ganado entrara al predio en cuestión, causando la destrucción de la cosecha y los daños alegados. Además, determinó que la acción de la parte apelante constituyó una perturbación de la posesión de la parte apelada. Por todo ello, el TPI concedió el interdicto posesorio solicitado por el señor Pagán Rodríguez y le ordenó al matrimonio Pagán-Bátiz abstenerse de interferir con el uso del terreno en cuestión, remover el ganado del terreno, así como retirar las barreras interpuestas en el camino vecinal. Además, le impuso a la parte apelante el pago de la suma de ocho mil dólares ($8,000.00) en daños

y perjuicios, así como costas y la suma de mil quinientos dólares ($1,500.00) en honorarios de abogados.

Es norma trillada que los foros apelativos debemos otorgarle deferencia a la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hecho efectuadas por el TPI, excepto medie error manifiesto, prejuicio, parcialidad o pasión. Véase *Ortiz Ortiz v. Medtronic, supra,* en la pág. 778; *Sucn. Pagán Berrios v. UPR y otros, supra,* en la pág. 336; *Santiago Ortiz v. Real Legacy et al., supra,* en la pág. 219.

De un análisis sosegado de los errores planteados por la parte apelante y de los documentos que obran en el expediente ante nos, incluyendo la transcripción de la vista de interdicto posesorio, concluimos que el Foro apelado no actuó con error manifiesto, prejuicio, parcialidad o pasión en su determinación. Por esta razón, no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad ni las determinaciones de hechos efectuadas por el TPI. De los autos, no entrevemos que el TPI actuó mediante inclinaciones personales que lo indujo a adoptar posiciones, preferencias o rechazos con respecto a las partes o sus causas. Por otro lado, de un examen integral de la prueba documental y testifical en el expediente, resulta palpable que las conclusiones del TPI no demuestran estar en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Entendemos que existe base suficiente para la determinación del TPI de declarar Con Lugar la *Demanda.* Con sus actos, el matrimonio Pagán-Bátiz perturbó al señor Pagán Rodríguez de la posesión del terreno en cuestión y del disfrute del camino vecinal. Igualmente, al permitir la entrada de su ganado al referido terreno, destruyó la cosecha de la parte apelada.

Por todo lo anterior, resolvemos que el TPI no cometió los errores aducidos por la parte apelante. Así las cosas, confirmamos la *Sentencia* apelada.

-IV-

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones