Rios *v*. Berenguer et al.

Apelación procedente de la Corte de Distrito de

Mayagüez.

No. 30. Resuelto en Febrero 13, 1905.

Pruebas.—Onus probandi. La parte que sostiene la afirmativa de una cuestión, está en el deber de probar los extremos de la misma.
Injunction.—Cuando procede. El auto de injunction debe dictarse cuando de los hechos consignados en la solicitud aparezca que el demandante tiene derecho al remedio que solicita.

Id.—Derechos del demandado.—Anulación ó modificación de la orden de injunction. El demandado puede solicitar del Tribunal que anule ó modifique la orden de injunction, pero en su moción, ó contestación, si presentare alguna, deberá alegar expresamente, y no por inferencia, las razones de hecho, ó de derecho en que funde su petición, y justificarlas debidamente, pues, en su defecto, el injunction debe expedirse y permanecer en vigor.

Id.—Hechos alegados en la solicitud que no fueren denegados. Si los hechos alegados en la solicitud no hubieren sido negados, ni se hubiere probado su falsedad, deberán considerarse probados á los efectos de la petición de injunction.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramírez (Rodolfo).*

Abogado del apelado: *Sr. Bernardini.*

El Juez Asociado Sr. MacLeary, emitió la opinión del Tribunal.

En esta causa se solicitó un interdicto prohibitorio para impedir que el Marshal del Juzgado Municipal de Cabo Rojo vendiese en virtud de una orden de embargo, expedida por el referido Juzgado, catorce bocoyes de azúcar que habían sido embargados anteriormente, por orden del Juzgado Municipal de Mayagüez. Ríos y Berenguer habían entablado dos demandas distintas ante los Juzgados Municipales de Mayagüez y Cabo Rojo, respectivamente, contra los mismos demandados, ó sea Olivella y su esposa; comprendiendo la demanda del primero dos ó tres personas más, como demandados. En ambos casos se expidieron órdenes de embargo, embargándose por el Juzgado de Mayagüez, catorce bocoyes de azúcar y cuatro yuntas de bueyes, que aparecen como de la propiedad de Ramiro Vidal; y por el de Cabo Rojo, diez y ocho bocoyes de azúcar, que aparecen como de la propiedad del mismo demandado.

La demanda de Ríos se entabló el día 16 de Junio de 1904, y la de Berenguer, en una fecha que no consta en los autos. En el primer caso se efectuó el embargo el día 18 de Junio de 1904; y en el segundo dos días después. Se alega que catorce de los bocoyes de azúcar fueron incluídos en ambos embargos. Parece que no hay disputa en cuanto á cuatro de los bocoyes de azúcar y los bueyes.

El 20 de Julio de 1904, el demandante Ríos interpuso ante el Juzgado Municipal de Mayagüez, demanda de tercería de dominio de los catorce bocoyes de azúcar que habían sido embargados, cuya demanda era contra Berenguer y los demandados contra quienes Ríos había obtenido anteriormente una sentencia por· $390.00; y se celebró oportunamente el juicio dictándose sentencia á favor de la reclamación de Ríos. Esto era meramente incidental á los demás procedimientos relatados.

·Se expidió un interdicto prohibitorio preliminar el día 4 de Agosto último, que después de notificado á la parte contraria, fué declarado definitivo el día 10 del mismo mes.

Contra esta sentencia definitiva se ha interpuesto el presente recurso de apelación que fué admitido, y ambas partes han presentado alegatos ante este Tribunal, pero sólo el apelado compareció mediante su abogado, en el acto de la vista.

Aunque no aparece de los autos un señalamiento definitivo de errores, puede inferirse del alegato del abogado del apelante, que éste funda sus objeciones contra la sentencia apelada, en los motivos siguientes:

1o.—Que los documentos presentados por el apelado, no demuestran claramente que los catorce bocoyes de azúcar embargados por Ríos estaban incluidos en los diez y ocho embargados por Berenguer.

2o.—Que la demanda de Ríos no se siguió contra las mismas personas que la de Berenguer; puesto que la primera fué contra los consortes Olivella y, también, contra Ramiro Vidal y Federico Vidal; mientras que la última ·fué solamente contra Olivella y. su esposa.

Con respecto á la primera objeción puede decirse que .si es un hecho el que existe la falta de identidad en los bienes secuestrados en los dos embargos, la parte que alega eso, está en el deber de·probarlo. En su solicitud, pidiendo un interdicto prohibitorio, el demandante alega

que los catorce bocoyes de azúcar secuestrados por él en su embargo, fueron subsiguientemente embargados por el demandado, en virtud de otra orden, expedida á favor de Berenguer. No se niega esto en las alegaciones, y si los bienes secuestrados en el segundo embargo, eran otros que los comprendidos en el primero, debía haberlo alegado y probado el demandado. El artículo 345 de los Estatutos Revisados (ó sea el Art. 3 de la Ley de Interdictos Prohibitorios), dispone que se expedirá el interdicto "cuando resulte de la solicitud que el demandante tiene derecho al auxilio solicitado". Con arreglo al art. 13 de la misma ley (Estatutos Revisados, artículo 355, página 175), el demandado puede solicitar del Tribunal que anule ó modifique dicho interdicto. Por supuesto, él debe alegar en su solicitud ó moción, ó en su contestación, si es que contesta con arreglo al art. 5o. (Estatutos Revisados, Artículo 347, página 173), los fundamentos de derecho y de hecho que sean necesarios para justificar la anulación ó la denegación del interdicto prohibitorio, y probar debidamente los hechos alegados: ó de lo contrario, debe expedirse el interdicto, y quedar éste en vigor.

Pero de acuerdo con lo alegado por el demandante, aparece de la sentencia recaída en la demanda de tercería de dominio, que el azúcar embargada en virtud de las dos órdenes de embargo es el mismo azúcar. Por consiguiente esto está claramente demostrado á favor del demandante.

En cuanto á la segunda objeción, puede decirse que carece de importancia. Para los fines del interdicto prohibitorio no importa quienes eran los demandados. Son los bienes embargados, y no las personas de las partes del pleito, que debemos considerar. Como por parte de Berenguer se han hecho esfuerzos para someter á la fuerza de la orden de embargo expedida á su favor, bienes que ya se hallaban en poder del Juzgado, en virtud de una orden válida expedida anteriormente, era procedente dictar y sostener el interdicto prohibitorio. Si los bienes embar-

gados en virtud de la demanda, no estaban sujetos á la orden de embargo, cualquiera que fuera la razón, siendo ésta, por ejemplo, el hecho de que dichos bienes no fuesen de la propiedad de ninguno de los demandados contra quienes se había dictado la sentencia, esto debía haberse alegado y probado por la parte que trató de impedir la expedición del interdicto prohibitorio. Esto debía haberse hecho directamente, y no por deducción ó insinuación. No se ha seguido tal procedimiento en el presente caso. No habiéndose negado ni refutado las alegaciones contenidas en la solicitud, pidiendo el interdicto prohibitorio, debe considerárselas como probadas, y ellas son suficientes para justificar la sentencia dictada.

Debe confirmarse la sentencia dictada con las costas causadas en esta Corte y en el Tribunal inferior, á cargo del demandado.

*Confirmada.*

Jueces concurrentes: Sres. Presidente,. Quiñones, y Asociados Hernández, Figueras y Wolf.