PEDRO MATOS MIRÓ y OTROS, demandantes y recurridos, *v.* ADMINISTRACIÓN DE SERVICIOS MÉDICOS DE PUERTO RICO y OTROS, demandados y peticionarios.

*Número:* CE-86-713     *Resuelto:* 16 de marzo de 1987

*Ricardo P. De la Villa,* abogado de los peticionarios; *Pedro Muñoz Carrera,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Una vez más intervenimos para aclarar el alcance de la responsabilidad de la Administración de Servicios Médicos (A.S.E.M.).

I

El Sr. Pedro Matos Miró instó demanda de daños y perjuicios por alegada impericia médica en una intervención quirúrgica. Demandó, *inter alia,* al Estado Libre Asociado, al Hospital Municipal de San Juan, a la Universidad de Puerto Rico, al Fondo de Compensación al Paciente, a varios doctores y a la A.S.E.M.

Solicitó y obtuvo del tribunal de instancia una orden para que la A.S.E.M. estableciera su relación contractual con las otras entidades demandadas que pudieran responder. Además, se le ordenó que presentara las acciones pertinentes y trajera al pleito a aquellas entidades que pudieran ser responsables por las reclamaciones de la demanda.

Inconforme la A.S.E.M. cuestiona, al amparo de lo resuelto en *Vega* v. *Adm. Servs. Médicos,* 117 D.P.R. 138 (1986), el dictamen del tribunal a quo que le ordena presentar acciones contra partes que puedan ser responsables al demandante por los daños alegados. Argumenta que dicha orden es una aplicación contraria a las Reglas de Procedimiento Civil y a la jurisprudencia, y además no tiene apoyo en lo resuelto en *Vega* v. *Adm. Servs. Médicos,* supra.

Mediante orden de mostrar causa acogimos el recurso. Procede revocar al tribunal a quo.

## II

■ En *Vega* v. *Adm. Servs. Médicos*, supra, fijamos la responsabilidad de la Administración de Servicios Médicos de Puerto Rico en casos de impericia médica en el Centro Médico. Al analizar el complejo esquema operacional de esa corporación pública, reconocimos que su responsabilidad civil variaría dependiendo del "tipo de servicio suministrado, la relación contractual entre la Administración y la entidad participante, y el grado de control efectivamente ejercido sobre la contratación y supervisión del personal". Íd., pág. 146. Además concluimos que "[c]uando el servicio lo ofrece una de las entidades participantes y no es uno de los servicios centralizados, esa dependencia responde directamente al demandante en forma exclusiva por sus actos propios bajo las disposiciones jurídicas pertinentes". Íd., págs. 146–147.

■ Contrario a lo resuelto por el tribunal a quo, no puede interpretarse que dichos pronunciamientos tienen el efecto de imponer el peso de la prueba cuando es demandada por impericia médica. Subsiste la doctrina jurisprudencial y el principio de que la parte que sostiene la afirmativa de una controversia, tiene el peso de la prueba. Regla 10 de Evidencia, 32 L.P.R.A. Ap. IV, R. 10; *Ríos* v. *Berenguer et al.*, 8 D.P.R. 33 (1905); *Ortiz* v. *Dragoni*, 59 D.P.R. 539, 541 (1941); *Rosado* v. *Municipio*, 59 D.P.R. 740, 747 (1942); *Sucn. Rivera* v. *Godreau & Cía.*, 59 D.P.R. 835, 840 (1942). Recientemente, en *Cotto* v. *C.M. Ins. Co.*, 116 D.P.R. 644, 650–651 (1985), reiteramos dicha norma:

> Sabido es que, como regla general, le corresponde a la parte actora en un caso de daños y perjuicios donde alegue haber sufrido daños como consecuencia de la negligencia de la parte demandada el peso de la prueba respecto a dicha alegada negligencia. *Vaquería Garrochales, Inc.* v. *A.P.P.R.*, 106 D.P.R. 799 (1978); *Irizarry* v. *A.F.F.*, 93 D.P.R. 416 (1966); *Morales Mejías* v. *Met. Pack. & Ware. Co.*, 86 D.P.R. 3 (1962). En palabras más sencillas, la parte demandante

tiene la obligación de poner al tribunal en condiciones de poder hacer una determinación clara y específica sobre negligencia mediante la presentación de prueba a esos efectos.

■ En resumen, en los casos de impericia médica en que se demande a A.S.E.M. corresponde al demandante, como en cualquier otro caso de daños y perjuicios, poner al tribunal en condiciones de aquilatar la responsabilidad de cada una de las partes demandadas. Ante este reclamo A.S.E.M. podrá presentar, entre otras, la defensa de que la naturaleza de la relación contractual no le provee el control sobre las actuaciones de las otras partes envueltas para asumir responsabilidad frente al demandante. Entonces corresponde a A.S.E.M. presentar su defensa estableciendo el grado de control o ausencia del mismo sobre los otros actores. También podrá, para su adecuada defensa, presentar las acciones pertinentes según lo permiten las Reglas 11 y 12 de Procedimiento Civil contra sus auxiliares, agentes, contratistas independientes o cualquier otra entidad que pueda ser responsable a A.S.E.M. o a los demandantes.

■ Reafirmamos que la responsabilidad de A.S.E.M. dependerá del grado de control que tenga sobre las actuaciones que originan la acción. La responsabilidad primaria e indelegable de poner ante la consideración del tribunal los hechos pertinentes para aquilatar la responsabilidad le corresponde al demandante.

Por los fundamentos expuestos, *se dictará la sentencia correspondiente.*