ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **AIDA I. VÁZQUEZ RODRÍGUEZ ULISES VÁZQUEZ SOTERO**<br><br>Apelantes<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE PONCE, COMPAÑÍA ASEGURADORA A, COMMERCIAL CENTERS MANAGEMENT h/n/c CENTRO DEL SUR MALL., COMPAÑÍA ASEGURADORA B, RICHARD ROE, COMPAÑÍA ASEGURADORA C**<br><br>Apelados | KLAN202301070 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2019CV01348**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, la señora Aida L. Vázquez Rodríguez y el señor Ulises Vázquez Sotero (apelantes) y nos solicitan la revisión de la *Sentencia* emitida y notificada el 27 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el dictamen apelado, el foro *a quo* declaró Ha Lugar las mociones de sentencia sumaria presentadas y desestimó la *Demanda* de daños y perjuicios, con perjuicio.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

# I.

El 28 de noviembre de 2018, mientras los apelantes caminaban por el Estacionamiento del Centro del Sur Mall en Ponce, la señora Vázquez Rodríguez perdió el balance y cayó al suelo.

Como consecuencia de lo anterior, el 24 de abril de 2019, los apelantes presentaron la *Demanda* de epígrafe en contra de Commercial Centers Management h/n/c Centro del Sur Mall (Commercial Centers), el Municipio Autónomo de Ponce (Municipio) y sus respectivas aseguradoras, por daños y perjuicios valorados en no menos de $50,000.00 dólares. En la demanda, alegaron que tras la caída, la señora Vázquez Rodríguez sufrió daños en varias partes de su cuerpo. Esto, debido a que adujeron que el pavimento estaba en condiciones no aptas, pues se encontraba desnivelado y con un hueco del cual no había advertencia alguna. Señalaron que Commercial Centers y el Municipio eran las entidades que tenían jurisdicción sobre el mantenimiento y supervisión del área donde ocurrió el accidente. Asimismo, reclamaron la cantidad de $20,000.00 en concepto de angustias mentales, tanto de la señora Vázquez Rodríguez, como de su esposo, el señor Vázquez Sotero.[1]

En respuesta, el 13 de agosto de 2019, la aseguradora del Municipio, MAPFRE Praico Insurance Company (MAPFRE), presentó su *Contestación a Demanda*. Mediante su comparecencia, MAPFRE admitió haber expedido una póliza a favor del Municipio sujeta a sus términos, límites y condiciones. Arguyó que el área donde ocurrió el incidente no pertenecía, ni

---

[1] La demanda fue enmendada en dos ocasiones, a los efectos de añadir como codemandados a las aseguradoras de los demandados MAPFRE/PRAICO Insurance Company. Cada uno de los apelantes solicitó al TPI $10,000.00 por las alegadas angustias mentales reclamadas.

era del control ni jurisdicción del Municipio, por lo que no incurrió en ningún tipo de negligencia. Además, alegó que el predio en el que ocurrieron los hechos pertenecía al Estado Libre Asociado de Puerto Rico, por medio de una expropiación forzosa del caso civil Núm. K EF 1986-0154, el cual fue utilizado para la construcción de un proyecto intitulado Avenida Malecón de la Autoridad de Carreteras y Transportación y al Departamento de Transportación y Obras Públicas (DTOP).[2] Igualmente, el 1 de octubre de 2019, Commercial Centers presentó su Contestación a *Demanda Enmendada* en la cual confirmó que tenían una póliza de seguros expedida por MAPFRE. Además, negó la mayoría de las alegaciones contenidas en la *Demanda* y sostuvo que los hechos fueron resultado de un accidente en el cual no existía relación causal entre los alegados daños y las actuaciones u omisiones de los demandados-apelados.

El 8 de febrero de 2021, los apelados presentaron una *Solicitud de Desistimiento sin Perjuicio* a favor del Municipio, por entender que no existía evidencia de que estos tuviesen la responsabilidad de encargarse del mantenimiento al área donde ocurrió el accidente. Por lo anterior, el TPI mediante *Sentencia Parcial*, declaró Ha Lugar la solicitud y aceptó el desistimiento de la acción de daños y perjuicios en contra del Municipio Autónomo de Ponce, sin perjuicio.

Luego de varios trámites procesales, el 8 de junio de 2023, MAPFRE presentó una *Solicitud de Sentencia Sumaria* en la cual

---

[2] *Estado Libre Asociado de Puerto Rico v. First Caparra Investment Corp. y otros*, K EF1986-0154. En el referido caso, la inspección final llevada a cabo por funcionarios de la Autoridad de Carreteras y Transportación, en coordinación con el Departamento de Transportación y Obras Públicas Estatal, arrojó que el proyecto fue ejecutado conforme los requisitos del contrato y que dicha área se incluyó en la red de carreteras bajo conservación por el Departamento. Además, surge del expediente judicial que el predio expropiado comprende el área del estacionamiento a todo lo largo del Centro Comercial en su colindancia, donde localizan las entradas al centro comercial.

solicitó al TPI que desestimara con perjuicio la demanda presentada por los apelados en contra de MAPFRE como aseguradora del Municipio, pues no existía un deber jurídico de actuar por parte de estos al no haber incurrido en negligencia alguna que constituyera la causa próxima del accidente ocurrido.[3] En específico, alegó que resultaba innecesaria la celebración de una vista para disponer de la demanda en contra de MAPFRE, pues la totalidad de las circunstancias establecían que el lugar donde ocurrieron los hechos no era propiedad del Municipio y, por consiguiente, no se encontraba bajo el control, la jurisdicción y el mantenimiento de estos.

Posteriormente, el 3 de julio de 2023, Commercial Centers y MAPFRE también presentaron su *Solicitud de Sentencia Sumaria*.[4] En su comparecencia, alegaron que al Commercial Centers no ser los propietarios del lugar donde ocurrieron los hechos, no tenían jurisdicción, control y el mantenimiento de este, por lo que no incumplieron con ningún deber jurídico, conducta culposa u omisión negligente. Por ello, solicitaron al foro primario se desestimara la demanda con perjuicio, contra MAPFRE y Commercial Centers.

En respuesta, el 4 de septiembre de 2023, los apelantes presentaron su *Oposición a Solicitud de Sentencia Sumaria presentada por MAPFRE/PRAICO* y *Oposición a Solicitud de Sentencia Sumaria presentada por Commercial Centers*

---

[3] MAPFRE presentó como Anejos a su *Solicitud de Sentencia Sumaria* los siguientes documentos: (1) Petición y resolución del caso de expropiación K EF1986-0154; (2) Aceptación y traspaso del terreno por la ACT; (3) Plano de expropiación; (4) Fotografía sobre la propiedad expropiada; y (5) Certificación del Municipio de Ponce en la cual certifican que el área donde ocurrieron los hechos no está bajo su jurisdicción.

[4] MAPFRE y Commercial Centers presentaron como Anejos a su *Solicitud de Sentencia Sumaria* los siguientes documentos: (1) Petición y resolución del caso de expropiación K EF1986-0154; y (2) Informe de Inspección Final del Proyecto Ave. Malecón de Ponce, AC001471 – M5053(9).

*Management h/c/c Centro del Sur Mall, MAPFRE/PRAICO.* En síntesis, aceptaron que en efecto, el estacionamiento donde ocurrieron los hechos no pertenecía a Commercial Centers, ni al Municipio. También reconocieron que el terreno embreado pertenece al DTOP. No obstante, alegaron que al estos ofrecer los servicios de mantenimiento, tenían el dominio y control del estacionamiento, pues se beneficiaban económicamente del área al recibir clientes que se estacionaban para acudir al centro comercial.

Luego de evaluar las comparecencias de las partes, el 27 de octubre de 2023, el TPI emitió *Sentencia,* en la cual, entre otras cosas, determinó que los apelantes no presentaron contradeclaraciones juradas o contradocumentos que controvirtieran los hechos alegados por MAPFRE en su *Sentencia Sumaria.*[5] Por lo anterior, declaró Ha Lugar las solicitudes de sentencia sumaria presentadas por MAPFRE y Commercial Centers, respectivamente, y desestimó la *Demanda* con perjuicio en su totalidad. El foro primario concluyó que, a la fecha de los alegados hechos, el Municipio no tenía jurisdicción sobre el lugar donde ocurrieron los hechos descritos en la *Demanda.* Además, que Commercial Centers no es dueño del área donde ocurrió el accidente, la cual forma parte de las carreteras bajo conservación del DTOP, por lo que no se le podía exigir responsabilidad extracontractual.

Inconforme con la determinación del TPI, el 27 de noviembre de 2023, los apelantes acudieron ante esta Curia y alegaron que el foro primario cometió los siguientes errores:

---

[5] El TPI acogió como hechos no controvertidos los alegados en las mociones de sentencias sumarias presentadas por MAPFRE y Commercial Centers, respectivamente. Véase, *Sentencia* emitida por el TPI el 27 de octubre de 2023, págs. 3-6.

Primer señalamiento de error: Erró el TPI al concluir que no había controversias de hechos [esenciales] y declarar con lugar las solicitudes de sentencia sumaria presentadas por los apelados.

Segundo señalamiento de error: Erró el TPI al concluir que el CCM no es responsable por este no ser dueño del lugar donde ocurrió el accidente objeto de la reclamación de epígrafe.

Tercer señalamiento de error: Erró el TPI al concluir que el Municipio de Ponce no es responsable porque este no tenía jurisdicción sobre el lugar donde ocurrió el accidente objeto de la reclamación de epígrafe.

El 18 de diciembre de 2023, Commercial Centers presentó su *Alegato Responsivo*. El 22 de diciembre de 2023, MAPFRE, como aseguradora del Municipio, presentó su *Alegato en Oposición de la Parte Demandada-Apelada*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118, resuelto el 29 de septiembre de 2023.[6] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La

---

[6] Véase, además: *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023; *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, resuelto el 24 de julio de 2023.

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214, seguido en *Meléndez González v. M. Cuebas*, supra, pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma los cuales deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria, (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones

juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de Procedimiento Civil, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se

encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas,* supra, el Tribunal Supremo estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Finalmente, debemos revisar *de novo* si

el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Meléndez González v. M. Cuebas*, supra, pág. 119.

**B.**

El Artículo 1802 del Código Civil, 31 LPRA § 5141, dispone que: "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado [...]".[7] Como se sabe, para probar una causa de acción por daños y perjuicios, el promovente deberá demostrar, mediante preponderancia de la prueba: (1) que se ha sufrido un daño; (2) por medio de un acto u omisión culposo o negligente; y (3) que existe un nexo causal entre la acción u omisión de la parte y el daño sufrido. *García v. E.L.A.,* 163 DPR 800, 809 (2005). Así pues, el que un demandante ostente el derecho a recibir indemnización por un alegado daño presupone la existencia de un nexo causal entre el daño y el factor que lo origina. Es decir, sólo corresponde indemnizar los daños que son consecuencia del hecho que obliga a la indemnización. *Rivera Jiménez v. Garrido & Co., Inc.,* 134 DPR 840, 851-852 (1993).

Se ha establecido que la culpa o negligencia consiste en "la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976-977 (2021); *López v. Porrata Doria,* 169 DPR 135, 151 (2006). Cuando se alegue haber sufrido daños como consecuencia de la negligencia de la parte demandada, el peso de la prueba respecto a la alegada negligencia le corresponde a la

---

[7] Hacemos referencia al Código Civil de Puerto Rico de 1930, por los hechos haber ocurrido en la vigencia del mismo.

parte demandante. *Colon y otros v. Kmart y otros*, 154 DPR 510, 521 (2001); *Matos v. Adm. Servs. Médicos de PR*, 118 DPR 567, 569 (1987).

En Puerto Rico rige la teoría de la causalidad adecuada para determinar el nexo causal necesario para adjudicar responsabilidad civil. La causa adecuada es la que, según la experiencia general, ordinariamente produce los daños imputados. No es otra cosa que el evento o acto que con mayor probabilidad causó el daño por el que se reclama indemnización. *Miranda v. ELA*, 137 DPR 700, 707 (1994); *Negrón García v. Noriega Ortiz*, 117 DPR 570, 575 (1984). Así pues, un daño parece ser el resultado natural y probable de un acto negligente si después del suceso, y mirándolo retroactivamente el acto que se alega ser negligente, tal daño aparece como la consecuencia razonable y ordinaria del acto. *Montalvo v. Cruz*, 144 DPR 748, 756-757 (1998), citando a *Torres Trumbull v. Pesquera*, 97 DPR 338, 343-344 (1969).

En Puerto Rico, el ámbito de la responsabilidad civil extracontractual basada en la culpa o negligencia está regida por el Art. 1802 del Código Civil de Puerto Rico, 31 LPRA sec. 5141. Por consiguiente, para que exista responsabilidad por los daños al amparo del mismo, es necesario que concurran los siguientes requisitos: 1) daño sufrido; 2) nexo causal entre el daño y la acción u omisión de otra persona; y 3) que la acción u omisión sea culposa o negligente. *Hernández v. Fournier*, 80 DPR 93, 96 (1957).

Por su parte, cuando se trata de una causa de acción en daños y perjuicios, específicamente relacionado con la responsabilidad del Estado y las vías públicas, la misma está

regida por el Art. 404 del Código Político, 3 LPRA secs. 422.

Veamos lo que ahí se dispone:

> El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protección suficientes para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos. [...] (Énfasis nuestro) 3 LPRA sec.422.

### III.

Por estar íntimamente relacionados, discutiremos en conjunto los señalamientos de error presentados por los apelantes. En síntesis, alegan que en efecto, no hay controversia en cuanto a que el estacionamiento donde ocurrieron los hechos es del dominio del DTOP. Sin embargo, que sí existe controversia en cuanto al deber de previsibilidad que debió ejercer el Centro del Sur Mall, por el estacionamiento estar ubicado dentro de su establecimiento y al conocer que existía una condición peligrosa y no dar mantenimiento al mismo. Además, que aun cuando Commercial Centers no era el dueño del estacionamiento, estos proveían voluntariamente el mantenimiento, pintura y pavimentación de esa área, por lo que se le debía imputar el conocimiento de los defectos del estacionamiento y responder extracontractualmente. Finalmente arguyen que el foro primario erró al concluir que ninguno de los codemandados-apelados tenía la obligación de dar mantenimiento al estacionamiento donde ocurrieron los hechos y por consiguiente no eran responsables de los daños sufridos por los apelados. Además, que no debió desestimar la demanda por la vía sumaria, pues aún quedaban controversias de hechos materiales y esenciales por dilucidar,

como por ejemplo, quien brindaba el mantenimiento al lugar del accidente, el alcance de la responsabilidad de las partes y los testigos que declararían en el juicio. No les asiste la razón. Veamos.

En el ejercicio de nuestra facultad revisora, solo podemos determinar la existencia de una controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó correctamente. Nuestra revisión es *de novo*.

Cónsono con lo anterior, el contenido, así como la forma de presentación de la *Solicitud de Sentencia Sumaria* sometida por MAPFRE y Commercial Center, respectivamente, cumplen cabalmente con la Regla 36.3 de Procedimiento Civil, *supra*. En la misma se hace una relación clara y concisa de los hechos que no están en controversia haciendo referencia a la evidencia documental que lo sustenta. Entre los documentos incluidos se encuentran: petición y resolución del caso de expropiación K EF1986-0154; aceptación y traspaso del terreno por la ACT; plano de expropiación; fotografía sobre la propiedad expropiada; y la certificación del Municipio de Ponce en la cual certifican que el área donde ocurrieron los hechos no está bajo su jurisdicción.

No obstante, en las escuetas oposiciones a las sentencias sumarias presentadas por los apelantes notamos que ambas incumplen con los requisitos de la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Los apelantes se limitaron a mencionar que existían hechos en controversia por la evidencia presentada carecer de confiabilidad. Tampoco presentaron una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia. Según estos, a pesar de que Commercial Centers no tenía la

titularidad del terreno, eran responsables del mantenimiento de éste y lo hacían de manera voluntaria para lucrarse del uso del estacionamiento. Sin embargo, no incluyeron documento alguno que estableciera la responsabilidad y/o control que alegadamente tenía Commercial Centers sobre el referido estacionamiento. A su vez, los apelantes sostienen que existe controversia de hechos materiales y que para ello, sin más, presentarían el testimonio de la señora Jessenia Wong Ortiz (señora Wong Ortiz), quien era la guardia de seguridad del Centro del Sur Mall, y fue quien brindó primeros auxilios a la señora Vázquez Rodríguez. A pesar de este planteamiento, los apelantes no acompañaron evidencia que contradijera lo alegado en la sentencia sumaria, ni siquiera incluyeron alguna declaración jurada que respaldara sus alegaciones.

Por lo anterior, el TPI determinó que procedían ambas sentencias sumarias por no existir hechos en controversia y al MAPFRE y Commercial Centers, junto a los documentos anejados, probar que no respondían extracontractualmente a los apelantes, por no ser los que ostentan la jurisdicción, control, mantenimiento y supervisión del estacionamiento en el cual ocurrieron los hechos alegados en la demanda.

La parte promovida por una solicitud de sentencia sumaria no puede descansar meramente en las afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva. Por el contrario, está obligada a contestar de forma tan detallada y específica como lo hizo la parte promovente. 32 LPRA Ap. V, R. 36.3. Además, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. Ante el

incumplimiento de los apelantes con la Regla 36.3, *supra*, procedemos a analizar la solicitud de sentencia sumaria.

Analizada la prueba documental, colegimos con el proceder del foro primario. No surge de la *Demanda* hecho demostrativo alguno que tienda establecer que MAPFRE y Commercial Centers eran responsables del terreno donde ocurrieron los alegados hechos, ni que estos tuvieran la jurisdicción, el control y la responsabilidad de responder extracontractualmente. De la evidencia provista por MAPFRE y Commercial Centers surge con meridiana claridad que los apelantes no presentaron los documentos o la prueba necesaria para probar la alegada responsabilidad de estos en cuanto al estacionamiento. Incluso, se limitaron a alegar que al ellos proveer mantenimiento, junto al testimonio no presentado de la señora Wong Ortiz, eran responsables de los daños alegados. Sin embargo, del expediente no se desprende evidencia que lo demuestre o que refute las alegaciones hechas por Commercial Centers.

En vista de lo anterior, y analizada la evidencia documental presentada, concluimos que no proceden las causas de acción objeto de la demanda, ya que no surgen hechos demostrativos que demuestren que Commercial Centers junto a su aseguradora MAPFRE son los responsables de los daños alegados en la demanda. Según surge del expediente, quienes son responsables del estacionamiento y el terreno en el cual ocurrieron los hechos, no son ni Commercial Centers, ni la aseguradora del Municipio, MAPFRE. Quienes ostentan la jurisdicción sobre el terreno lo es el Departamento de Transportación y Obras Públicas, por medio del caso de expropiación forzosa al que aludimos anteriormente. Por lo anterior, colegimos que el TPI no erró en su dictamen.

**IV.**

En virtud de todo lo anteriormente expresado, confirmamos la *Sentencia* apelada.

Lo acordó este Tribunal y lo certifica la Secretaría del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones